Henderson, Judge.
 

 Funeral expenses are to be paid in preference to any other debt, out of the assets of the deceased, not excepting debts due by record, even to the sovereign. They form a charge upon the assets, independently of any promise by the executor or administrator, upon th,e ascertainment of the fact that they are of that description, and proper for the estate and degree of the deceased. .These enquiries however, of course, leave open the question whether they were
 
 unnecessarily
 
 or
 
 officiously
 
 incurred by <a stranger. We disclaim the intention of weakening the claim of these expenses to a priority, when we decided the case of
 
 Gregory
 
 v.
 
 Hooker’s administrator,
 
 (1
 
 Hawks, 394).
 
 But we should say again in a case like the one alluded to, that notice of the fact that a pillow had been furnished, and was claimed as a funeral charge, should have been given before the action was brought, and the assets exhausted. For although the pillow might have been entered in the account, yet it contained a great variety of articles, and was not presented as for a funeral charge, or any part
 
 thereof;
 
 nor was it made known that it contained any such item. In that case we did not pretend to say what would have been the rule, if the executor had taken no orders for the interment of the deceased. — But that an individual, who had contributed in so small degree to those expenses, could not, without ¡previous notice, sustain an action against an administrator. For if the rule of law was different, the administrator might, without any default on his part, be subjected to as many actions as there were items, of.' which the funeral bill was composed.
 

 
 *23
 
 We concur in opinion with the Judge below, that these funeral charges, had a priority in a course of administration over the debts set up as a protection to the assets in the hands of the Defendant.
 

 Per Curiam. — Let the judgment be affirmed.