Battle, J.,
 

 after stating the case as .above, proceeded: The expenses necessary for the decent interment of a deceased person, and suitable to the estate which he leaves behind him, are a charge upon the assets in die hands of his executor or administrator, and have a preference over all other debts. 2 Bl. Com. 508. They bind the assets, independent of any promise by the executor or administrator, provided he is notified that they are claimed as a
 
 *130
 
 funeral charge* before the assets are exhausted in the payment of other demands.
 
 Parker
 
 v.
 
 Lewis, 2
 
 Dev. Rep. 21. These principles seem to have been admitted on the trial, and the .only question in dispute between the parties Avas whether the defendant had received a proper notice of the plaintiffs’ claim, as a personal charge, before he had fully administered the assets Avhich came to his hands. If the testimony offered furnished
 
 'any evidence
 
 of such notice, his Honor was correct in submitting it to the jury, whose province it was to decide upon its weight; and if they were in error in finding the fact, none but the Judge who presided at the trial, could correct it. But if the testimony afforded
 
 no evidence
 
 of notice, then his Honor erred in permitting the jury to pass upon it, and the error was one which it is our duty to revise and correct. Was there, then,
 
 any evidence
 
 to show such a notice as the plaintiffs were bound to give to the defendant, of the nature and extent of their demand, before they commenced their suit? We think that there Avas not. What is the object of a notice in such a case? It is undoubtedly to let the opposite party know what is demanded of him, in order that he may pay it, and thus save himself the trouble and expense -of a laAV suit. Was that done here? Certainly not. The defendant Avas told, indeed, by the plaintiffs that they had some claim against him for the funeral expenses of his intestate, but what Avas the amount of it, they would not let him know. On the contrary, they included the articles, furnished for the burial of the intestate, in the same account with those sold and delivered to him in his life time, and then demanded payment of the whole. Surely, it would be a mockery to hold such conduct of the plaintiffs to be a notice to the executors or administrators, of the nature and extent of their claim for funeral expenses. If the rule of laAV were so, then, as was strongly said by Hendee.soN, Chief Justice, in
 
 Parker
 
 v.
 
 Lewis,
 
 the executor or administrator might, without any default on his part, be subjected to as many actions as there were items of which the funeral bill was composed.
 

 It may be remarked too, that this is not like the case of a bond due from the intestate, of which when notified in any Avay, it is the duty of the administrator to seek the creditor, and pay it off.
 
 *131
 
 But a claim for funeral expenses is not a debt contracted by the intestate, nor is it a debt contracted by the administrator. It is a charge thrown by necessity upon the assets in the hands of the administrator, and for which he is liable in respect of snch assets. Many different persons may have furnished materials for, or rendered services about, the funeral, each of whom will have a separate claim against the estate. In such a case, it seems but reasonable to require, that each shall give to the administrator a distinct notice of his claim, stating its amount and what it is for, before he is allowed to proceed to enforce it against him by suit. If he does this in a reasonable time, his demand will have priority over ail others; but if he gives no notice at all, or such a notice, only as tends rather to entrap the defendant than to inform him of what he claims, then he deserves nothing, and can recover nothing. See opinion of Henderson, J., in
 
 Gregory
 
 v.
 
 Hook
 
 er's,
 
 Achn’r.,
 
 1 Hawks, 405. The judgment must be reversed and a
 
 venire de novo
 
 awarded.
 

 PER Curiam. Judgment reversed, and
 
 venire de novo.