ELIZABETH BARBEE Adm'x v. CALVIN J. GREEN.

*Executors and Administrators—Payment of Funeral Expenses.*

A claim for funeral expenses is a charge upon the estate in the hands of a person representative, and the amount thereof may be pleaded as a set-off in a suit brought by the representative for a debt due the intestate. Such expenses are of the highest dignity, except debts which are a specific lien on the estate; and the court intimate that such charge may also be set up as a counter-claim under section 101 of the Code, upon the implied contract of the representative to pay the expenses.

(*Ward* v. *Jones*, Busb., 127; *Ransom* v. *McClees*, 64 N. C., 17, cited and approved.

CIVIL ACTION tried at Fall Term, 1881, of WAKE Superior Court, before *Gilmer, J.*

The action was brought in a justice's court by the plaintiff, as administratrix of Mary Herndon, deceased, upon two notes due by the defendant to her intestate. The defendant set up a counter-claim for goods sold and delivered to the intestate, and also the price of a metallic coffin furnished by him for the burial of the intestate and in which he was buried.

To which the plaintiff replied, payment and the statute of limitations. Judgment was rendered for the plaintiff, and the defendant appealed to the superior court, where at June term, 1880, the case was referred under the Code of Civil Procedure, and a report made by the referee to January term, 1881, of the superior court, in which it was found by the referee that a part of the counter-claim set up by the defendant was barred by the statute of limitations, and without assigning any reason he found that the defendant was not entitled to the counter-claim of the metallic coffin furnished, although it was in evidence that the defendant had given one hundred dollars for the same, and that the plaintiff's intestate was buried in it, with the consent of the heirs and the mother who afterwards administered. By consent however of the plaintiff, the defendant was allowed a credit on the notes, on account of coffin, to the amount of eighteen dollars, but that was allowed only *ex gratia.*

There were several exceptions taken to the report, but the only one pressed in the argument before this court, was that to the ruling of the judge in overruling the exception taken by the defendant to the finding and conclusion of the referee in regard to the metallic coffin. In overruling this exception and confirming the report and giving judgment for the plaintiff, the judge supplemented his judgment with the qualification that " this judgment is without any prejudice to defendant's right to assert his claim, for the metallic case furnished, in any settlement of the estate hereafter had

before the probate judge." Judgment for plaintiff, appeal by defendant.

*Messrs. Lewis* and *Flemming,* for plaintiff.
*Messrs. Battle & Mordecai,* for defendant.

ASHE, J., after stating the case. There is no reason assigned by His Honor for making the ruling on this exception, but we must infer from the qualification of the judgment, that it was based upon the idea that the defendant's demand could not be set up as a counter-claim or set-off to the action of the plaintiff; and this presents the only question raised in the record.

All the authorities concur that an executor or administrator may be sued for the funeral expenses of his testator or intestate, and having assets is liable to a judgment for them suitable to the degree and circumstances of his testator or intestate.

In the case of *Ward* v. *Jones,* administrator, Busb., 127, this court held that the expenses necessary for the interment of a deceased person and suitable to the estate which he leaves behind him, are *a charge upon the assets* in the hands of the executor or administrator, and have a preference over all other debts. They bind the assets, independent of any promise by the executor or administrator, provided he is notified that they are claimed as a funeral charge before the assets are exhausted in the payment of other demands.

So in *Hopgood* v. *Haughton,* 10 Pick. 154, it is held that an action would lie against an administrator for funeral expenses, though money so paid was not strictly a debt from the deceased ; and in *Tugwell* v. *Hayman,* 3 Camp., 298, which was an action against an executor for funeral expenses when the defendants had given no orders whatsoever respecting the funeral, LORD ELLENBOROUGH in his opinion held that the defendants were liable in the action, and said "it was

their duty to see that the deceased was decently interred; and the law allows them the reasonable expense of doing so above all other debts and charges. It is not pretended that they ordered any one else to furnish the funeral, and the dead body could not remain on the surface of the earth. It became necessary that some one should see it consigned to the grave, and I think the executors having sufficient assets, are liable for the expense thus incurred."

If the administrator then may be sued for funeral expenses in his representative character, and the judgment against him would be *de bonis testatoris*, as it must be in every case where he has sufficient assets, because these expenses are a charge upon the assets, it must follow as a legal corollary that the same may be pleaded as a counterclaim or set-off to an action brought by him in his representative capacity for a debt due to his intestate. For a counterclaim is defined to be, "such a demand as will enable the defendant to bring a suit upon it. It must constitute a cause of action in the defendant against the plaintiff to the record, independent of the plaintiff's cause of action and which would entitle the defendant to maintain an action against the plaintiff, if the plaintiff had brought no suit against the defendant." Waterman on Set-Off, &c., page 9 and note.

In Massachusetts it has been expressly held, that in an action by an administrator to recover a debt due to his intestate, the defendant may file in set-off a demand for money paid by him to defray the funeral expenses of the deceased. *Adams* v. *Betts*, 16 Pick., 343. In this state it has been held, where a creditor of one deceased, by note, (there being no other debt of equal or higher dignity) became purchaser at a sale by the administratrix, and gave bond on that account in less than the amount of his claim, and this bond constituted the whole assets of the estate; after the bond became due the administratrix, who with her sureties was then insolvent, assigned it by indorsement for value to one

who was to a small amount creditor of the estate by account ; that a creditor by note was entitled to bring in his debt as a *counterclaim* against an action upon his bond, whether by the administratrix or her assignee. *Ransom* v. *McClees*, 64 N. C., 17.

The plea of counterclaim in our case cannot be obnoxious to the objection that it might change the administration of assets and take from the administrator the right to prefer claims of equal dignity and confer that right upon the creditor, for that right under our statute can no longer be exercised by an administrator where he has sued out letters since July 1st, 1869, and debts of the highest dignity are to be first paid, and all debts of equal dignity are paid *pro rata.* The funeral expenses are of the highest dignity, except debts which are a specific lien on the property of the deceased, and there is no pretence that there was in this case any such debt.

We are aware it may be made a question whether funeral expenses, not being a debt contracted by either the administrator or his intestate, and not being strictly a contract, can be set up as a counterclaim under sub. div. 2, section 101, of the Code, but inasmuch as there is an implied promise by the administrator having assets sufficient to reimburse one who has defrayed such expenses, we are not prepared to say that such a case does not come within the purview of the section ; but admitting it may not be pleaded as a counterclaim, we are of the opinion it would be available as a set-off. 1 Tiffany and Smith, p. 379. *Adams* v. *Betts, supra.* And this we think should be so upon the reason and convenience of the thing, for since a claim for funeral expenses is a charge upon the assets, why require such a creditor to pay his debt to the administrator and then recover back what is due him ?

We do not mean to express the opinion that in this case the defendant should be allowed the full sum of one hundred

dollars, but we think, he was entitled to an inquiry before the referee as to the value of the burial case, and to be allowed so much thereof as was suitable to the circumstances of the intestate; and in refusing this we hold there was error.

There must be a new trial in this particular.    Let this be certified.

Error.                              *Venire de novo.*