been in accordance with it. Indeed he expressly admits some of the more important facts averred. The relation of the parties was not, therefore, a fiduciary one within the meaning of subdivision 3 of section 550; but an ordinary one of debtor and creditor (*Wallace* v. *Castle*, 14 Hun 106; *Duguid* v. *Edwards*, 50 Barb. 300; *Grover & Baker S. M. Co.* v. *Clinton*, 5 Biss. 324; *Alliance Ins. Co.* v. *Cleveland*, 14 How. Pr. 408).

According to the facts alleged in defendant's answer and affidavit, and which are not denied, we think the present case comes within the principle laid down by the Court of Appeals in *Morris* v. *Talcott* (96 N. Y. 100); and that the order appealed from should be reversed, with costs.

J. F. DALY and VAN HOESEN, JJ., concurred.

Order reversed, with costs.

---

AUGUST LUCAS, Respondent, *against* JOHN C. HESSEN *et al.*, Appellants.

(Decided December 7th, 1885)

An executor is not liable to an undertaker for necessaries furnished by the latter for the funeral of his testator, although he may have assets of the estate sufficient to pay the claim, where the funeral was ordered by and the credit given to another person.

APPEAL from a judgment of the District Court in the City of New York for the Seventh Judicial District.

The facts are stated in the opinion.

*Adolphus D. Pape* and *S. S. Blake*, for appellants.

*E. Fixman*, for respondents.

VAN HOESEN, J.—The plaintiff, who is an undertaker, furnished the necessaries for the funeral of a Mrs. Kessel, who, by her will, made the defendants her executors. The defendants have assets belonging to the estate of the testatrix more than sufficient to pay the plaintiff's bill. Having assets in their hands, the executors would, under ordinary circumstances, be personally liable to pay the funeral expenses of the testatrix (*Rappleyea* v. *Russell*, 1 Daly 214; *Patterson* v. *Patterson*, 59 N. Y. 574; Williams on Executors, marg. p. 1624.

The husband of the testatrix was likewise liable to the undertaker, but, as the wife left assets sufficient to pay the expenses of the funeral, he could have recovered from the executors the amount that he might have paid to the undertaker (*McCue* v. *Garvey*, 14 Hun 562; *Freeman* v. *Colt*, 27 Hun 447, 450; *Jackson* v. *Westerfield*, 61 How. Pr. 399).

It appears from the testimony that the husband ordered the funeral, that he paid a part of the undertaker's bill, and that the undertaker then brought an action, and recovered judgment against him, for the balance. There can be no doubt that the plaintiff gave credit to the husband alone, and having done so, has now no right to recover upon the ground that an executor having assets is always liable for funeral expenses. An executor is liable "in the absence of evidence to charge any other individual"; and he is also liable when he adopts the acts of a person who, without previously obtained authority, orders the funeral (for he thereby treats that person as his agent); but he is not liable to the undertaker where the funeral has been ordered by and the credit given to another person. That person may recover from the executor the reasonable expenses of the funeral as soon as he has paid the undertaker, but the undertaker must look to the person to whom he gave credit (Williams on Executors, marg. pp. 1622–1624).

The judgment against the defendants was, therefore, erroneous, and must be reversed.

There is some testimony in the case that tends to show that the husband was sent by one of the defendants to bring

the undertaker to the house. In view of all the circumstances, we have not felt that standing, by itself, the fact that one of the defendants may have suggested the name of the undertaker to the husband—and this is what the husband may have construed into "sending him"—would warrant us in holding that the husband was from the outset a mere messenger, employed by the defendants to do their bidding. But as, on a new trial, it may be made to appear that the defendants were the principals, and the husband a mere agent, in the transaction, we have concluded to order a new trial, with costs to abide the event.

LARREMORE and J. F. DALY, JJ., concurred.

Judgment reversed and new trial ordered, with costs to abide event.