(7 Misc. Rep. 237.)

## HOFFMANN v. KANZE.

(City Court of New York, General Term. February 8, 1894.)

EXECUTORS AND ADMINISTRATORS—FUNERAL EXPENSES—LIABILITY OF WIDOW.
Where a widow orders the funeral of her husband before taking out letters of administration, she is individually liable, unless it was specially agreed to the contrary.

Appeal from trial term.

Action by Joseph A. Hoffmann against Clara Kanze. From a judgment entered on a verdict in favor of defendant, plaintiff appeals. Reversed.

Argued before EHRLICH, C. J., and VAN WYCK and FITZSIMONS, JJ.

George A. Baker, for appellant.
Langbein Bros. & Langbein, for respondent.

EHRLICH, C. J. The rule is settled that funeral expenses for the burial of the husband are collectible from the widow if the funeral was given on her credit. Lucas v. Hessen, 17 Abb. N. C. 271. The funeral was ordered January 7, 1893, and the defendant did not administer until the 9th of November following; so that, in the nature of things, the defendant individually was the person to whom the credit was given, for the estate of the deceased at that time had no legal representative. The charge of the trial judge was to the effect that if, at the time of ordering the goods, there was no contract as to who should pay for them, the plaintiff had a right to claim payment out of the estate, and could not claim it as against the defendant. This was clear error. He should have charged the jury that the defendant, who gave the order for the goods, was personally liable therefor, unless there was a special understanding by the plaintiff not to look to her individually, but to look to the estate of the husband after she had been appointed to represent it. For these reasons the judgment appealed from must be reversed, with costs to the appellant to abide the event, and a new trial ordered. All concur.