G. D. RAY & SON to the use of MARY E. YOUNG v. M. P. HONEYCUTT.

*Funeral Expenses—Charge on Assets of Decedent's Estate—Action by Party in Interest.*

1. The necessary and proper expenses of interment of a decedent are a first charge upon the assets in the hands of the personal representative, and the law will imply a promise to one who, from the necessity of the case, for any reason incurs the expense of a proper burial, and it is not necessary that the administrator should promise to pay the claim in order to obtain a judgment therefor against him.

2. A widow who pays an account for burial expenses of her husband is the proper party plaintiff in an action against the administrator, being the real party in interest.

CIVIL ACTION, tried before *Bryan*, *J.*, at Fall Term, 1895, of YANCEY Superior Court, on appeal from a judgment of a justice of the peace. A jury trial was waived and

RAY v. HONEYCUTT.

his Honor, by consent, found the facts.   The action was to recover for burial expenses of T. W. Young, paid by the plaintiff, M. E. Young.

Mary E. Young, the plaintiff, was introduced and testified that she was the widow of T. W. Young deceased; that, at the death of her husband, Don Young, brother of her husband, went to the store of G. D. Ray & Son and got the burial clothes for her husband, and that within two or three days after his death, and before an administrator was appointed, G. D. Ray & Son presented her with the account sued for, which they held for the burial expenses of her husband, T. W. Young, and said she did not pay it at that time; that she advised with Mr. Banks, the clerk of the superior court, who advised her that if she paid it she could recover it back; and then she went to Mr. Ray's and took up the account; that she paid it with her own money and not her husband's; that there was no contract or agreement between her and the administrator for her to pay this debt; that there was no administrator when she took up the account; that she was advised by counsel that this debt was against the estate of T. W. Young, deceased, and not against her; but when she was advised that she could recover it back she paid it, but did not know that she could collect it.   The defendent introduced no testimony, there being no controversy as to the amount of the debt.

The defendant, after specially pleading the Statute of Frauds, rested and contended that as the plaintiff was not compellable to pay said debts, and as she had paid the same of her own motion, she could not be allowed to recover as against the administrator in the absence of a written contract to that effect.   His Honor being of the opinion that the plaintiff was entitled to recover, gave judgment for the plaintiff and defendants appealed.

*Messrs. Shepherd & Busbee*, for defendant (appellant). No counsel *contra.*

CLARK, J.: Burial expenses, from the nature of things, are not an indebtedness of the deceased, for they accrue after his death; nor are they costs of administration incurred by the personal representative; indeed, they are created before his qualification. Yet, from very necessity, proper funeral expenses are the first charge upon the assets in the hands of the executor or administrator, being preferred at common law (2 Bl., 508) and by our statute (*Code*, Section 1416) to taxes and debts due the State or sovereign, and to all judgments. " They bind the assets, independent of any promise by the executor or administrator, to the extent that they are proper to the estate and rank in life of the deceased." *Parker* v. *Lewis*, 13 N. C., 21; *Ward* v. *Jones*, 44 N. C., 127; *Barbee* v. *Green*, 86 N. C., 158. The case of *Gregory* v. *Hooker*, 8 N. C., 395, relied on by defendant, is explained by the first two of the cases just cited as holding only that the claimant of a charge for funeral expenses should notify the personal representative before the assets are disbursed and before action brought. In fact, as the authorities state, the funeral expenses are strictly a preferred charge upon the assets in the hands of the personal representatives rather than a debt against the estate. Perley's Mortuary Law, 59 and cases cited.

It is well settled that the necessary and proper expenses of interment are a first charge upon the assets in the hands of the personal representative, and the law will imply a promise to him who, from the necessity of the case, for any reason, incurs the expense of a proper burial. *McCue* v. *Garvey*, 21 N. Y., 562; *Patterson* v. *Patterson*, 59 N. Y., 574; *Luess* v. *Hessen*, 13 Daly, 347; *Hapgood*

v. *Houghton*, 10 Pick., 154. "Nor does the fact that the widow said to a stranger she did not intend any one else to pay the expenses, and that she did it voluntarily, out of respect to her husband, bar her right to recover them," for this necessary expense devolves upon the assets of the estate, and the law implies the promise to pay them, or to repay the proper person, who, as a matter of affection and duty, has incurred and paid them. France's Est., 75 Pa. St., 220 ; Perley's Mortuary Law, 73. It is not intended, however, to say that any person who intermeddles officiously and incurs such expense can recover. *McCue* v. *Garvey, supra ; Parker* v. *Lewis, supra.*

The judgment binds only the assets in the hands of the administrator as a preferred charge, and is not, of course, a judgment against him personally.

We are not advised why the action is brought in the name of " G. D. Ray & Son to the use of Mary E. Young," but even under the antiquated and obsolete system when that form was in use Mary E. Young would have been the real party plaintiff, and now the rest is to be disregarded as mere surplusage, and she is the only plaintiff, being the real party in interest. *Code*, Section 177. The Statute of Frauds has no application, for the case does not rest upon any promise by the administrator, nor was it necessary he should agree to pay the claim, if the expense (as is not denied) was suitable and proper.

No Error.