GEORGE PATRICK HELVY v. BEATRICE L. SWEAT

No. 8119SC958

(Filed 6 July 1982)

**Automobiles and Other Vehicles §§ 47.3, 53— physical facts as basis for nonsuit**
   In an action by plaintiff truck driver to recover for injuries received when he was struck by defendant's automobile as he swung down from behind his tractor cab beside the cab door, the physical evidence of skid marks showing

that defendant's automobile remained entirely in the northbound lane, supported by testimony of disinterested witnesses that plaintiff's tractor-trailer was entirely in the southbound lane, controlled over plaintiff's conflicting testimony that he parked his tractor-trailer about 2 to 2-1/2 feet on the shoulder of the highway and that in swinging beside the cab door no part of his body went beyond the center line of the highway and established that defendant was not negligent and that plaintiff was contributorily negligent as a matter of law.

APPEAL by plaintiff from *Wood, Judge.* Judgment entered 13 April 1981 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 28 April 1982.

In his complaint plaintiff alleged that he had suffered severe injuries after being struck by defendant's car. Defendant's answer denied negligence and alleged contributory negligence.

At trial plaintiff's evidence was that he had been driving his tractor-trailer from New York City to Charleston along Interstate 95 and had to stop for repairs near Lumberton, N.C. At 8:00 p.m. on 12 February 1976, as he pulled onto a service road from the garage which had repaired his truck, the connections to the trailer for lights and brakes parted. Plaintiff pulled the right wheels of his truck off the road because there were only two feet between the edge of the road and a ditch. Plaintiff turned on the truck's flashing lights and his headlights were on bright. He swung around to the back of the cab to fix the connections by using the step at the bottom of the cab door and handholds on the cab. After making the connections, he swung back around to the cab door without checking traffic and was struck by defendant's car. He was knocked unconscious and was hospitalized for four days with a concussion, broken leg and abrasions. He missed several weeks of work.

Defendant testified that she had come around a curve and had seen plaintiff's truck in the opposite lane of the road. She saw plaintiff's headlights but no flashing lights. She was blinded by the bright headlights and could see nothing else in front of her. She slowed to about 30 m.p.h. as she approached the truck. Plaintiff suddenly appeared at the left front of her car and struck the hood and windshield. A highway patrolman measured 30 feet of skid marks. Defendant, the garage owner, and the patrolman testified that plaintiff's truck was entirely on the pavement.

Plaintiff appeals from the granting of defendant's motion for a directed verdict.

*Ottway Burton for plaintiff appellant.*

*Butler, High, Baer & Jarvis by Keith L. Jarvis for defendant appellee.*

CLARK, Judge.

The single question presented by this appeal is whether the trial judge erred by granting defendant's motion for a directed verdict. A motion for a directed verdict under Rule 50(a) of the North Carolina Rules of Civil Procedure presents the same question for both trial and appellate courts: Whether the evidence, taken in the light most favorable to plaintiff, was sufficient for submission to the jury. *Hunt v. Montgomery Ward*, 49 N.C. App. 642, 272 S.E. 2d 357 (1980). Although the record does not include defendant's motion for directed verdict nor does the judgment indicate on what grounds the motion was granted, we assume that the trial judge based his decision upon a finding that plaintiff was contributorily negligent as a matter of law.

> "[T]he general rule is that a directed verdict for a defendant on the ground of contributory negligence may only be granted when the evidence taken in the light most favorable to plaintiff establishes her negligence so clearly that no other reasonable inference or conclusion may be drawn therefrom. Contradictions or discrepancies in the evidence even when arising from plaintiff's evidence must be resolved by the jury rather than the trial judge. [Citations omitted]"

*Clark v. Bodycombe*, 289 N.C. 246, 251, 221 S.E. 2d 506, 510 (1976). *Accord, Rappaport v. Days Inn*, 296 N.C. 382, 250 S.E. 2d 245 (1979).

The answers to both the negligence and contributory negligence issues depend primarily upon plaintiff's location at the time he was struck by defendant's automobile. Since plaintiff admitted that he swung down from behind the cab beside the cab door, the point of impact depends primarily upon the location of plaintiff's truck in the southbound lane and the location of defendant's automobile at the time of impact. Plaintiff testified that he

parked his truck about 2 to 2-1/2 feet on the shoulder of the highway, that he did not look for approaching traffic, and that in swinging down beside the cab door no part of his body went beyond the center line of the highway. This testimony, when considered in the light most favorable to the plaintiff, would ordinarily be sufficient both to require submission to the jury of the issue relating to plaintiff's negligence and sufficient to negate contributory negligence as a matter of law. However, we find the evidence refuting plaintiff's testimony—both the testimony of disinterested witnesses and the physical evidence—to be overwhelming.

In some cases the North Carolina courts have held that undisputed physical evidence controls conflicting oral testimony to the extent that such testimony is not sufficient to take the case to the jury. *Jones v. Schaffer*, 252 N.C. 368, 114 S.E. 2d 105 (1960); *Carr v. Lee*, 249 N.C. 712, 107 S.E. 2d 544 (1959); *Tysinger v. Dairy Products*, 225 N.C. 717, 36 S.E. 2d 246 (1945); *Ingram v. Smoky Mountain Stages, Inc.*, 225 N.C. 444, 35 S.E. 2d 337 (1945); *Atkins v. Transportation Co.*, 224 N.C. 688, 32 S.E. 2d 209 (1944); *Powers v. Sternberg*, 213 N.C. 41, 195 S.E. 88 (1938); *Hardy v. Tesh*, 5 N.C. App. 107, 167 S.E. 2d 848 (1969); 2 Strong's N.C. Index 3d, *Automobiles*, § 47 (1976).

The defendant and two apparently disinterested witnesses, the investigating officer and the garageman, testified that no part of plaintiff's truck was on the shoulder but that the truck was entirely in the paved southbound lane. The paved highway was 19 feet wide. Trooper Potter, corroborated by his accident report, testified that there was physical evidence of skid (brake) marks entirely in the northbound lane leading to defendant's automobile, which came to a stop beside the front drive axle of the tractor.

In *Powers v. Sternberg, supra*, at 43, 195 S.E. at 89, Stacy, C. J., wrote: "There are a few physical facts which speak louder than some of the witnesses." In the case *sub judice*, we find that the physical facts, supported by the testimony of disinterested witnesses, speak louder than the conflicting testimony of the plaintiff, and that this conflicting testimony is not sufficient to take the case to the jury. The physical facts establish that plaintiff, who admitted that he did not look for an approaching vehicle, swung down from behind his tractor cab into the path of defend-

ant's approaching automobile in the northbound traffic lane. Under these circumstances, we conclude, first, that there was not sufficient evidence to take the case to the jury on the issue of defendant's negligence, and, second, that plaintiff was negligent as a matter of law.

The judgment directing a verdict for defendant is

Affirmed.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.