PARRISH FUNERAL HOME, INC., PLAINTIFF v. HARRY PITTMAN AND WIFE, JEAN PITTMAN, DEFENDANTS

No. 9011DC1200

(Filed 15 October 1991)

**Executors and Administrators § 29 (NCI3d) — funeral expenses — parol agreement by third party to pay — binding**

The trial court erred by granting a directed verdict for defendants where defendant Harry Pittman contacted plaintiff to make funeral arrangements for his father; Pittman told plaintiff that the executor of the estate would bring a check to pay for the funeral; the executor came to the funeral home without paying for the funeral; plaintiff indicated that he would not have the funeral unless someone would be responsible for the bill; Pittman indicated that he would pay for the funeral if the estate could not but refused to sign the bill; plaintiff provided the funeral and billed the estate; plaintiff was informed that the estate could not pay the funeral expenses; and defendants refused to pay. Although N.C.G.S. § 28A-19-8 states that the deceased's estate shall be primarily liable for funeral expenses, it does not exclude or prohibit other sources from paying funeral expenses or undertaking the obligation to pay the expenses. A promise to pay a decedent's debts must be in writing when such debts are generally charged to the decedent's estate, but the Statute of Frauds is not available as a defense here because defendants did not specifically plead that defense.

**Am Jur 2d, Executors and Administrators §§ 591, 592; Statute of Frauds §§ 214, 592, 594.**

**PARRISH FUNERAL HOME v. PITTMAN**

[104 N.C. App. 268 (1991)]

APPEAL by plaintiff from judgment entered 10 May 1990 by *Judge O. Henry Willis, Jr.* in JOHNSTON County District Court. Heard in the Court of Appeals 20 August 1991.

This action arises from plaintiff's claim filed 26 July 1989, alleging that defendants failed to pay $4,288.95 for funeral expenses and services plaintiff provided for defendants' deceased relative. Plaintiff alleged that defendants entered into an express contract with plaintiff for such services and are thereby obligated to pay under the contract.

This case was tried before a jury in Johnston County District Court on 9 May 1990. At the close of plaintiff's evidence, defendants moved for a directed verdict on the grounds that the debt was primarily the debt of the decedent's estate and that defendants' promise to pay was a collateral promise that should have been in writing. The trial court granted defendants' motion and entered its order accordingly.

Plaintiff appeals from the judgment of 10 May 1990.

*Lucas, Bryant & Denning, P.A., by W. Robert Denning, III, and Robert W. Bryant, Jr., for plaintiff-appellant.*

*Daughtry, Woodard & Lawrence, by Stephen C. Woodard, Jr., for defendant-appellees.*

ORR, Judge.

The sole issue on appeal is whether the trial court erred in granting a directed verdict in defendants' favor. For the following reasons, we hold that the trial court erred and reverse its judgment of 10 May 1990.

Under N.C. Gen. Stat. § 1A-1, Rule 50, the question presented by a motion for a directed verdict to both the trial and appellate courts is whether the evidence, viewed in the light most favorable to the nonmovant, is sufficient to reach the jury. *Helvy v. Sweat*, 58 N.C. App. 197, 199, 292 S.E.2d 733, 734, *disc. review denied*, 306 N.C. 741, 295 S.E.2d 477 (1982) (citation omitted). The nonmovant is entitled to every reasonable inference which may be drawn from the evidence, and all conflicts must be resolved in his favor. *Shields v. Nationwide Mut. Fire Ins. Co.*, 61 N.C. App. 365, 301 S.E.2d 439, *disc. review denied*, 308 N.C. 678, 304 S.E.2d 759 (1983). When the evidence is insufficient to support a verdict in the non-

movant's favor, the directed verdict motion should be granted. *West v. Slick*, 313 N.C. 33, 326 S.E.2d 601 (1985).

The evidence in the present case, viewed in plaintiff's favor, tends to show that plaintiff Elton Parrish (Parrish) is the owner and operator of Parrish Funeral Home, Inc. On 15 March 1989, defendant Harry Pittman (Pittman) contacted Parrish concerning Pittman's father who had died in Florida. Pittman asked Parrish to arrange to have his father's body returned to this state for burial. Pittman also requested that Parrish handle the funeral arrangements through his funeral home. Prior to the funeral, Pittman and his wife selected the casket, vault and clothing for his deceased father. The next day when Pittman was discussing funeral arrangements with Parrish, Pittman told Parrish that the executor of the estate, Lynn Blaha, would bring Parrish a check to pay for the funeral service.

A day later, the Pittmans and Ms. Blaha returned to the funeral home. Ms. Blaha left without paying for the funeral services, and Parrish told the Pittmans that he had "gone as far as [he] could go." He further stated that he would not have the visitation or the funeral unless someone was going to be responsible for the bill. The total bill was $4,288.95. Pittman told Parrish that "the estate certainly ought to be worth it, and if that is not worth it, we will see that you get your money." Pittman also stated that "we will see that you get your money if I have to pay it myself."

Parrish then requested that Pittman sign the bill but Pittman refused. Pittman stated that he hoped Ms. Blaha would sign the document. Parrish provided the remainder of the funeral services and billed the estate for the balance due. Within a month after the funeral, Parrish telephoned Ms. Blaha to collect the debt from the estate. Parrish also telephoned the Clerk of Court in Johnston County and in Norfolk, Virginia to determine if an estate account had been established for the deceased. Parrish testified that he was informed that the estate could not pay the funeral expenses. Parrish then demanded that the Pittmans pay, based upon their representations before the funeral. The Pittmans refused to pay, and Parrish filed this action.

After plaintiff presented the above evidence at trial, defendants moved for a directed verdict on two grounds: that N.C. Gen. Stat. § 28A-19-8 provides that funeral expenses of a decedent shall be considered an obligation of the estate; and that defendants'

promise to pay the funeral services was a promise to pay the debt of another and therefore required to be in writing by the Statute of Frauds under N.C. Gen. Stat. § 22-1. The trial court then granted defendants' motion for directed verdict on these grounds.

Article 19 of Chapter 28A of the General Statutes is entitled, "Claims against the Estate," which is evidence of the Legislature's intent that funeral expenses be paid first from a decedent's estate. Chapter 28A, however, does not specifically limit such expenses to the deceased's estate. We are bound by the rule that "when construing a statutory provision, the words in the statute are to be given their natural or ordinary meaning, unless the context of the provision indicates that they should be interpreted differently." *Whittington v. N.C. Dept. of Human Resources*, 100 N.C. App. 603, 606, 398 S.E.2d 40, 42 (1990), *citing, Abernathy v. Commissioners*, 169 N.C. 631, 86 S.E. 577 (1915).

Under N.C. Gen. Stat. § 28A-19-8 (1984):

> Funeral expenses of a decedent shall be considered as an obligation of the estate of the decedent and the decedent's estate shall be primarily liable therefor. The provisions of this section shall not affect the application of G.S. 28A-19-6.

Plaintiff maintains that § 28A-19-8 does not exclude an express contract to pay for funeral services and argues that an express contract between plaintiff and defendants exists because defendants agreed to pay for the funeral expenses if the estate did not pay.

There is no case law in this state directly addressing this argument under the above statute. The statute states that the deceased's estate shall be *"primarily"* liable for funeral expenses. However, the statute does not exclude or prohibit other sources from paying funeral expenses or undertaking the obligation to pay the expenses. If there were no funds in an estate from which funeral expenses could be paid, then some other source should be available. Therefore, we hold that § 28A-19-8 does not limit collection of funeral expenses exclusively to the estate.

In *Ray v. Honeycutt*, 119 N.C. 510, 26 S.E. 127 (1896), our Supreme Court stated the well-settled rule that burial expenses are first charged "upon the assets in the hands of the personal representative, and the law will imply a promise to him who, from the necessity of the case, for any reason, incurs the expense of

a proper burial." *Id.* at 512, 26 S.E. at 128 (citations omitted). The Court then ordered the administrator of the estate in *Ray* to reimburse the deceased's widow for debts she had incurred for purchasing burial clothes for her deceased husband, even though there was no contract for such between the widow and the administrator of her husband's estate.

The *Ray* Court further stated that funeral expenses are a necessary expense and "devolves upon the assets of the estate, and the law implies the promise to pay them, or to repay the proper person, who as a matter of affection and duty, has incurred and paid them." *Id.* at 513, 26 S.E. at 128. *Ray*, however, did not state that funeral expenses were an *exclusive* obligation of the estate.

As to the evidence in the case before us, it does not preclude as a matter of law that an express contract existed between plaintiff and defendants whereby defendants unconditionally agreed to pay the funeral expenses. The plaintiff's evidence of record indicates that defendants agreed to take care of the funeral expenses if the estate did not, and that Pittman agreed with plaintiff to "see that you get your money if I have to pay it myself[.]" after plaintiff stated that he could not go forward with the visitation or funeral unless someone was responsible for the bill. Although the evidence also indicates that defendants refused to sign any agreement that they would in fact be responsible for the funeral expenses if the estate did not pay, this evidence does not so negate defendant's alleged agreement to take care of the funeral expenses if the estate did not so as to warrant a directed verdict.

Secondly, defendants argue that this alleged promise to pay was the promise to pay the debt of another, which is void by law unless in writing. Under N.C. Gen. Stat. § 22-1 (1986) (Statute of Frauds):

> No action shall be brought whereby to charge an executor, administrator or collector upon a special promise to answer damages out of his own estate or to charge any defendant upon a special promise to answer the debt, default or miscarriage of another person, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, and signed by the party charged therewith or some other person thereunto by him lawfully authorized.

PARRISH FUNERAL HOME v. PITTMAN

[104 N.C. App. 268 (1991)]

The general rule under the above statute is that a promise to answer for the debt of another for which the other remains liable, must be in writing. *Mason v. Wilson*, 84 N.C. 51 (1881). Further, it is well-settled law in this state that a promise by an administrator of an estate to pay the debts of the intestate out of his own resources if the estate could not pay is void under the Statute of Frauds, unless such agreement is in writing. *Smithwick v. Shepherd*, 49 N.C. 196 (1856). We see no difference in the present case that the promise to pay the decedent's debt. was made by a relative instead of the administrator of the estate. Therefore, we hold consistent with the above principles of law by which we are bound that a promise to pay a decedent's debts must be in writing when such debts are generally charged to the decedent's estate.

Plaintiff, however, argues that because defendants did not specifically plead the affirmative defense of the Statute of Frauds as required by N.C. Gen. Stat. § 1A-1, Rule 8(c), it should not now be available as a defense to the contract. We agree.

Defendants contend that plaintiff's complaint gave defendants no notice that the Statute of Frauds should have been pled. Plaintiff's complaint alleges, however, that there was an express contract between plaintiff and defendants for payment of the funeral expenses. We find that this is sufficient to put defendants on notice of a contract. With notice of a contract, the question naturally arises as to whether it was an oral contract or written, and whether the Statute of Frauds was applicable. Therefore, defendants had a duty to raise the affirmative defense of Statute. of Frauds in its answer to the complaint. Under Rule 8(c):

> In pleading to a preceding pleading, a party shall set forth affirmatively . . ., statute of frauds, . . . . Such pleading shall contain a short and plain statement of any matter constituting an avoidance or affirmative defense sufficiently. particular to give the court and the parties notice of the transactions, occurrences or series of transactions or occurrences, intended to be proved.

N.C. Gen. Stat. § 1A-1, Rule 8(c) (1990). *See also Smith v. Hudson*, 48 N.C. App. 347, 269 S.E.2d 172 (1980) (where defendants fail to raise the affirmative defense of statute of frauds under Rule 8(c), defendants waive their right to assert the defense at a later time).

For the above reasons, we hold that the trial court erred in granting directed verdict in defendants' favor and remand to the trial court for action consistent with this opinion.

Reversed and remanded for a new trial.

Judges COZORT and LEWIS concur.