NORMAN S. ADAMS AND WIFE, JEAN C. ADAMS v. CAROLINA TELEPHONE
AND TELEGRAPH COMPANY

No. 813SC1426

(Filed 7 December 1982)

**Telecommunications § 2— fire damage—negligence of telephone company in trans-
mitting call—sufficiency of evidence**

In an action to recover damages for defendant telephone company's al-
leged negligent delay in connecting plaintiffs with the local fire department
when a fire broke out in their home, plaintiffs' evidence was sufficient to sup-
port submission of issues to the jury as to (1) whether defendant's operator
was negligent in failing promptly to connect plaintiffs with the local fire de-
partment, (2) whether earlier contact with the local fire department would
have decreased the fire, smoke and water damage sustained by plaintiffs, and
(3) whether any portion of the total fire, smoke and water damage could be at-
tributed to defendant's negligence.

APPEAL by plaintiffs from *Rouse, Judge.* Judgment entered
13 August 1981 in Superior Court, CRAVEN County. Heard in the
Court of Appeals 15 October 1982.

Plaintiffs filed suit against defendant, the telephone service
to which plaintiffs subscribed, alleging that defendant was negli-
gent in connecting plaintiffs with the local fire department when
a fire broke out in their home and that defendant's negligence re-
sulted in extensive fire, smoke and water damage to plaintiffs'
home and personal property requiring plaintiffs to live in a motel
for approximately three months.

At trial, plaintiffs introduced evidence tending to show that
when a grease fire broke out in plaintiffs' kitchen, plaintiffs' son,
in a state of panic, dialed defendant's operator on duty to obtain
help. Plaintiffs' son testified that he gave the operator his name,
address and described the nature of the emergency, and then re-
quested that the operator contact the West of New Bern Fire
Department. The operator placed him on hold for fifteen to thirty
seconds and then asked him to repeat, two different times, the in-
formation he had already given. The operator again placed him on
hold and when she returned to the line, she asked for the same
identifying information a third time. Plaintiffs' son testified that
this repetition lasted for two to four minutes. At that point he
handed the phone to his sister and ran across the street to obtain
help from a neighbor. The neighbor immediately contacted the
West of New Bern Fire Department.

Plaintiffs' daughter testified to essentially the same story as her brother. In addition, she testified that after her brother had been on the phone with the operator for three or four minutes she grabbed the phone and gave the same information once again and was then put on hold. After holding for thirty to forty seconds the operator came back on and after speaking another time with plaintiffs' daughter, connected her with the New Bern Fire Department. Plaintiffs' daughter got the West of New Bern Fire Department's number from someone at the New Bern Fire Department, but then had to abandon the phone and the house because of the smoke. Plaintiffs' daughter also testified as to her observations concerning the fire's growth and the different stages of the fire in relation to her brother's attempts to obtain assistance from the telephone operator.

Plaintiffs also presented the testimony of the first fireman to arrive at their home. He testified that it took him less than two minutes to get from his house to the fire station and then to plaintiffs' home. He also testified that he was at home for about fifteen minutes prior to the time he received notice of the fire and would have been able to reach the plaintiffs' home earlier had he been notified. He stated that it took less than a minute to put out the fire and his testimony indicated that all the equipment was in good working order.

The local fire marshal testified that the critical period for any fire is the first five minutes and that the damage can be reduced if the fire is extinguished within that time period.

A general contractor and the plaintiffs all testified as to the damage and expenses resulting from the fire.

It was stipulated that a dispatcher was on duty before and at the time of the fire.

At the conclusion of plaintiffs' evidence, defendant's motion for a directed verdict pursuant to Rule 50(a) of the North Carolina Rules of Civil Procedure was granted.

Plaintiffs appeal from this judgment.

*Dunn and Dunn, by Raymond E. Dunn, for plaintiffs-appellants.*

*William W. Aycock, Jr., for defendant-appellee.*

MARTIN (Robert M.), Judge.

The difficult question presented by plaintiffs' appeal is whether under the law of North Carolina defendant's delay in connecting plaintiffs with the local fire department would constitute actionable negligence in a situation where plaintiffs' home was damaged by fire, smoke, and water allegedly by reason of defendant's delay.

Our courts have considered a similar question on only two other occasions. While the present appeal challenges the appropriateness of a directed verdict and the previous cases dealt with the appropriateness of a demurrer, we believe the prior cases to be instructive, as both cases also deal with proof of proximate cause problems. Because we find the present fact situation more analogous to *Hodges v. R.R.*, 179 N.C. 566, 103 S.E. 145 (1920), the second case discussed herein, in which the North Carolina Supreme Court suggested that proximate cause could have been established, we hold that the trial court improperly granted defendant's directed verdict motion at the close of plaintiffs' evidence.

The facts of *Whitehead v. Telephone Co.*, 190 N.C. 197, 129 S.E. 602 (1925) are strikingly similar to the case now being considered on appeal. The plaintiff in *Whitehead* sued the telephone service for fire damage suffered, alleging that the telephone company negligently failed to connect plaintiff with the fire department, resulting in a delay of the department to reach the fire in time to extinguish it. In sustaining defendant's demurrer the Court stated:

> The complaint proceeds upon the supposition that all the agencies intervening between the negligent act and the destruction of the plaintiff's building would necessarily have worked out with perfect efficiency. This of course is an assumption, or inference, or conclusion which, under the authorities we have cited, the demurrer does not admit.

*Id.* at 202, 129 S.E. at 605. Defining proximate cause as "the efficient cause, that which is [sic] natural or continuous sequence, unbroken by any efficient intervening cause, produces the injury, and without which the result would not have occurred," the Court

felt that upon the facts alleged plaintiffs could not prove the requisite proximate cause. *Id.* at 199-200, 129 S.E. at 603-04. It refused to engage in presumptions or speculation as to whether the fire would have been extinguished had the plaintiff been able to contact the fire department. *Id.* at 201, 129 S.E. at 604.

*Hodges,* the other case which we necessarily focus upon, held that the demurrer should have been overruled. In that case the defendant had cut a telephone line which ran from the city in which plaintiff and his deceased wife lived to the offices of the doctors who were to deliver plaintiff's and his deceased wife's baby. Plaintiff alleged that as a result of defendant's action he was unable to contact the doctors by phone to assist during his wife's labor and that the doctors arrived too late to save plaintiff's wife's life. The court pointed out that

> Plaintiff further specifically alleges that these physicians could and would have come at his call but by reason of the unlawful cutting of the wires of the telephone company, they were unable to reach the plaintiff's wife in time to save her life. Plaintiff further alleges that if the line had not been cut, a physician could have been reached in time to have arrived at the home of the plaintiff to save the life of his wife . . .

> . . . Upon the allegations of the complaint the defendant is guilty of a tort, and as such is liable for any injuries naturally following and flowing from the wrongful act.

> . . . If the jury should find under proper evidence that the failure of the physician to arrive in time was caused by the wrongful act of the defendant in cutting the wires, that would establish the tort. If the jury should further find upon competent and sufficient evidence that the circumstances of the childbirth and the conditions were such that had the physician been present, he could have administered remedies which in all reasonable probability, judging by experience, would have saved the life of the wife, then the unlawful act of defendant would be the proximate cause of her death.

179 N.C. 569-70, 103 S.E. at 146-47.

The jury in the present action should have been allowed to decide 1) whether defendant was negligent in connecting plaintiffs with the local fire department, 2) whether earlier contact

with the local fire department would have decreased the fire, smoke and water damage sustained by plaintiffs and 3) whether any portion of the total fire, smoke and water damage could be attributed to defendant's negligence. Plaintiffs' evidence at trial was much more specific than plaintiff's complaint in *Whitehead.* Not only did plaintiffs present evidence that the fire department could have responded as quickly to an earlier call and that earlier notification of the fire might have limited the amount of damage sustained by plaintiffs, but they also presented testimony as to how the fire progressed during the phone delay, and the total amount of damage sustained. Because of the short time lag between the time when plaintiffs' son first attempted to contact the fire department and the time of the first fireman's arrival at the fire the trial court nor the jury would be required to engage in the presumptions or the speculation which the *Whitehead* court correctly chose to avoid. The plaintiffs in the present case have presented at least as much factual evidence as the plaintiffs in *Hodges,* and as the court suggested in that case, it is within the jury's province to decide the issues of defendant's negligence and any damages arising therefrom.

We believe that based on the evidence produced by plaintiffs at trial a jury could find both defendant's negligence and the necessary element of proximate cause.

For the foregoing reasons we must overrule defendant's motion for a directed verdict and this case is therefore

Reversed and remanded.

Judges ARNOLD and WHICHARD concur.