SOUTHERN WATCH SUPPLY COMPANY, INC. v. REGAL CHRYSLER-PLYMOUTH, INC. AND CHRYSLER CORPORATION

No. 8326SC652

(Filed 19 June 1984)

**Negligence § 29.1— automobile dealer—giving car key serial numbers to telephone caller—negligence—proximate cause of theft loss**

Plaintiff's evidence presented genuine issues of material fact as to whether defendant car dealer was negligent in giving a telephone caller the serial numbers for the keys to a car purchased by plaintiff's salesman from defendant and whether such negligence was a proximate cause of plaintiff's loss when the trunk of the salesman's car was entered the next day by use of a key and plaintiff's jewelry was stolen therefrom.

APPEAL by plaintiff from *Snepp, Judge*. Judgment entered 7 December 1982 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 10 April 1984.

Paul Yandle was an employee of plaintiff Southern Watch Co., a wholesale seller and distributor of jewelry. Yandle's duties included travelling and soliciting wholesale buyers, and in his travels he customarily carried with him sample cases of jewelry, which he kept in the trunk of his car. In October of 1978, Yandle purchased an automobile from defendant Regal Chrysler-Plymouth, Inc.

On 21 February 1980, defendant received a call that was answered by Brenda Alexander, a bookkeeper for the company. The

caller stated that he was calling from Hickory, North Carolina for Mr. Paul Yandle and needed the serial numbers for the keys to Mr. Yandle's car. Ms. Alexander was able to obtain the serial numbers and, without authorization, gave the numbers to the caller.

The next day, four cases of sample jewelry worth over $59,000 were stolen from Yandle's automobile while he was calling on a customer in Hickory. A police investigation stated that the vehicle's trunk was opened with a key or similar device. The trunk was not pried open nor was the trunk lock broken. Despite the investigation, a suspect was not apprehended, although a witness stated that she saw a white male opening the trunk of a Chrysler automobile on or about 22 February 1980.

On 4 May 1981, plaintiff instituted this action, alleging negligence on the part of defendant. On 6 May 1981, the trial court granted defendant's motion for summary judgment and dismissed the action with prejudice. From that order plaintiff appeals.

*Levine, Goodman and Carr, by Miles S. Levine, for plaintiff appellant.*

*John B. Yorke and Mark T. Sumwalt for defendant appellee.*

ARNOLD, Judge.

Plaintiff contends that the trial court erred in granting defendant's motion for summary judgment in that plaintiff's evidence does present a genuine issue of material fact as to whether the negligence of defendant proximately caused plaintiff's loss. We agree with this contention and reverse the order of the trial court.

Summary judgment is proper only where there are no material facts in issue. *Kessing v. National Mortgage Corp.,* 278 N.C. 523, 180 S.E. 2d 823 (1971). However, summary judgment is a drastic remedy and should be exercised with caution. *Moore v. Bryson,* 11 N.C. App. 260, 181 S.E. 2d 113 (1971).

This cautionary approach is particularly appropriate with negligence cases. Because the typical negligence case requires a determination of negligence and causation, "[i]t is only in the ex-

ceptional negligence case that summary judgment should be invoked. Even where there is no substantial dispute as to what occurred, it usually remains for the jury to apply the standard of the reasonably prudent man to the facts of the case." *Roberson v. Griffeth*, 57 N.C. App. 227, 238, 291 S.E. 2d 347, 354, *disc. rev. denied* 294 S.E. 2d 224 (1982). Generally, summary judgment is a proper remedy only where it appears that there can be no recovery even if the facts as claimed by plaintiff are accepted as true. *Whitaker v. Blackburn*, 47 N.C. App. 144, 266 S.E. 2d 763 (1980). Similarly, where it is clearly established that defendant's negligence was not the proximate cause of plaintiff's injury, summary judgment is appropriate. *Edwards v. Akion*, 52 N.C. App. 688, 279 S.E. 2d 894, *aff'd*, 304 N.C. 585, 284 S.E. 2d 518 (1981). Applying these principles, we find that the trial court erred in granting summary judgment for defendant.

"Negligence is the failure to exercise that degree of care for the safety of others that a reasonably prudent person would exercise under the same circumstances," but "[t]o be actionable the conduct complained of must be the proximate cause of the injury." *Bogle v. Duke Power Co.*, 27 N.C. App. 318, 321, 219 S.E. 2d 308, 310 (1975), *disc. rev. denied* 289 N.C. 296, 222 S.E. 2d 695 (1976). An essential element of proximate cause is that the harm be foreseeable. *Sutton v. Duke*, 277 N.C. 94, 176 S.E. 2d 161 (1970). Moreover, "[i]t is not necessary that a defendant anticipate the particular consequences which ultimately result from his negligence. It is required only 'that a person of ordinary prudence could have reasonably foreseen that such a result, or some similar injurious result, was probable under the facts as they existed.' " *Id.* at 107, 176 S.E. 2d at 169 (*quoting Adams v. Board of Education*, 248 N.C. 506, 103 S.E. 2d 854 (1958)).

Plaintiff's evidence tended to show that Paul Yandle had dealt with defendant Regal Chrysler-Plymouth for over 20 years before he bought the automobile in 1978. A reasonably prudent person could find that an automobile dealership owes a duty to its customers not to divulge serial numbers over the telephone without the authorization of the customer, and that a reasonably prudent dealer would know that with the correct serial numbers keys can be duplicated. The evidence here establishes at the very least a genuine question as to whether defendant failed to meet

the requisite standard of care and, thus, breached its duty to plaintiff.

Defendant contends, however, that summary judgment was proper in that plaintiff has failed to establish the essential element of proximate cause, but, instead, advances an argument based on mere speculation and conjecture. Again, plaintiff's evidence showed that on 21 February 1980 defendant's bookkeeper gave out the serial numbers over the telephone and that, on the very next day, Paul Yandle's trunk was entered and plaintiff's jewelry was stolen, ostensibly by the use of a key. Taken in the light most favorable to plaintiff, this evidence presents a genuine issue of material fact as to whether defendant's negligence proximately caused the loss of the jewelry. Certainly, it is reasonably foreseeable that the unauthorized act of giving the serial numbers to the caller could have been the cause of the theft. In any event, defendant has not shown that plaintiff's negligence was not the proximate cause of the injury. As the North Carolina Supreme Court stated in *Williams v. Carolina Power and Light Co.*, 296 N.C. 400, 250 S.E. 2d 255 (1979), "it is only in exceptional cases, in which reasonable minds cannot differ as to foreseeability of injury, that a court should decide proximate cause as a matter of law. '[P]roximate cause is ordinarily a question of fact for the jury, to be solved by the exercise of good common sense in the consideration of the evidence of each particular case.' " *Id.* at 403, 250 S.E. 2d at 258 (*quoting* W. Prosser, Torts § 45 (4th ed. 1971) ).

We find that the evidence introduced by plaintiff does establish a genuine question as to whether the negligence of defendant was the proximate cause of plaintiff's loss. This question should be answered by a jury. The order of the trial court granting defendant's motion for summary judgment is, therefore,

Reversed.

Judges HEDRICK and PHILLIPS concur.