MURPHEY v. GEORGIA PACIFIC CORP.

[98 N.C. App. 55 (1990)]

––––––––––––

CLYDE P. MURPHEY v. GEORGIA PACIFIC CORPORATION

No. 8913SC315

(Filed 3 April 1990)

**Electricity § 7.1 (NCI3d) — injuries from electrical fire — arc and fault of unknown origin — insufficiency of evidence of proximate cause**

In an action to recover for personal injuries which arose out of an electrical fire, there were genuine issues of material fact as to whether defendant owed plaintiff electrician a duty of care and whether defendant breached that duty, but there was no evidence at all that defendant's alleged negligence was the proximate cause of plaintiff's injuries where plaintiff attempted to revive a reportedly defective meter at defendant's sawmill; when plaintiff opened the switchgear power cabinet, he observed that the ground fault interruptor had been disconnected; this had been disconnected by one of defendant's electricians because it was considered faulty; the GFI was not considered to be a safety device, its primary function being to protect the equipment from damage; and an arc and fault of unknown origin occurred in the switch-

MURPHEY v. GEORGIA PACIFIC CORP.

[98 N.C. App. 55 (1990)]

gear power cabinet resulting in a fireball which severely burned plaintiff.

**Am Jur 2d, Electricity, Gas, and Steam §§ 51-53, 105, 120.**

Judge WELLS dissenting.

APPEAL by plaintiff from *Johnson (E. Lynn), Judge.* Judgment signed 22 October 1988 and filed out of session 10 November 1988. Heard in the Court of Appeals 12 October 1989.

On 2 February 1984, plaintiff filed an action against defendant for personal injuries, which arose out of an electrical fire on 8 August 1981, at a chip and saw facility (sawmill plant) near Whiteville, North Carolina, owned by defendant. Voluntary dismissal without prejudice was taken, and a new action filed on 14 May 1987. Defendant moved for summary judgment on 27 September 1988. Plaintiff and defendant provided the trial court with several depositions and affidavits prior to the hearing on defendant's motion on 10 October 1988.

The trial court granted defendant's motion for summary judgment by order signed out of session and entered 10 November 1988. From this order, plaintiff appeals.

*DeBank, McDaniel, Heidgerd, Holbrook & Anderson, by William E. Anderson, for plaintiff-appellant.*

*Patterson, Dilthey, Clay, Cranfill, Sumner & Hartzog, by Ronald C. Dilthey, Susan K. Burkhart and Kari L. Russwurm, for defendant-appellee.*

ORR, Judge.

The dispositive issue on appeal is whether the trial court erred in granting summary judgment in favor of defendant. For the reasons set forth below, we hold that there was no error.

On 8 August 1981, plaintiff, an electrician with over 20 years' experience, and Ralph Ireland, plaintiff's boss and owner of Ireland Electric Company, attempted to rewire a reportedly defective meter at defendant's sawmill. The meter had previously been installed at an electrical substation constructed, installed and maintained by Ireland Electric. The meter was located inside a switchgear power cabinet on a concrete pad. Other electrical equipment, including a transformer, also was located on the pad. The equipment

**MURPHEY v. GEORGIA PACIFIC CORP.**

[98 N.C. App. 55 (1990)]

was serviced by an Ireland Electric employee in February 1981, who determined that the equipment was functioning properly. There is no evidence that any of defendant's employees or anyone other than Ireland Electric employees had ever serviced or tampered with any of the electrical equipment at this substation since it had been serviced in 1981.

Plaintiff was a general job superintendent for Ireland Electric on 8 August 1981, and was acting in the course and scope of his employment. Plaintiff and Ireland were met at the sawmill by defendant's employee, Sterling Ward, who offered to shut down the power to the substation. Plaintiff and Ireland discussed whether to disconnect the power to the substation and switchgear cabinet and concluded that they had sufficient clearance to complete the required work without de-energizing the substation. As a result, plaintiff disconnected only the circuit from some transformers to the meter. It would have taken plaintiff from one to five minutes to disconnect power for the entire substation.

Ireland was standing directly behind plaintiff when they opened the switchgear power cabinet. Plaintiff observed nothing unusual or hazardous. Both plaintiff and Ireland observed that the ground fault interruptor (hereinafter GFI) had been disconnected. The evidence established that the GFI had been disconnected in 1977 or 1978 by one of defendant's electricians because it was considered faulty. A GFI is equipment that senses when there is an abnormal amount of power running from phase to ground and signals a circuit breaker to shut down the power. It is not considered a safety device, and its primary function is to protect the equipment from damage. Plaintiff acknowledges that the disconnected GFI did not cause his accident.

Plaintiff performed his work inside the switchgear cabinet pursuant to the procedure he and Ireland discussed. Ireland returned to his car to retrieve the meter glass and heard a loud roaring noise. When he returned, plaintiff's body had been burned severely by a fire of electrical origin.

The evidence before the trial court established that an arc and a fault of unknown origin occurred in the switchgear power cabinet which caused plaintiff's burns. Plaintiff did not come into direct contact with any electrical current.

MURPHEY v. GEORGIA PACIFIC CORP.

[98 N.C. App. 55 (1990)]

Ireland stated in his deposition that plaintiff told him that the last thing he remembered before the explosion was placing a crescent wrench on the nut on the neutral bus bar and having such difficulty loosening it that he "showered down on it or pulled on it real hard." Plaintiff was not wearing any protective clothing or equipment.

Four experts, including Ireland, were deposed. All stated that the disconnected GFI did not cause plaintiff's injuries and they did not know what caused the fault or arc that burned plaintiff. Plaintiff's experts stated in affidavits that the GFI was required by good industry safety practices and by the National Electric Code, and had the GFI been operational, it may have greatly diminished the power into the arc, thereby possibly reducing plaintiff's injuries.

Plaintiff argues that the trial court erred in granting summary judgment for the defendant. Summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law." N.C. Gen. Stat. sec. 1A-1, Rule 56(c). The evidence presented must be viewed in the light most favorable to the non-moving party. *Surrette v. Duke Power Co.*, 78 N.C. App. 647, 650, 338 S.E.2d 129, 131 (1986) (citation omitted).

Although summary judgment usually is not appropriate in negligence actions, it may be granted when the credibility of witnesses is not an issue, and the evidence shows either that the defendant was not at all negligent or that plaintiff was contributorily negligent as a matter of law. *Id.* at 650-51, 331 S.E.2d at 131.

The trial court did not specify the grounds upon which it granted defendant's motion. Our review of the evidence, however, reveals that the trial court's order may be supported on the issue of negligence. Accordingly, we affirm.

When a defendant moves for summary judgment in a negligence action, the defendant has the burden of establishing that plaintiff was not injured by defendant's negligence. *Durham v. Vine*, 40 N.C. App. 564, 568, 253 S.E.2d 316, 318 (1979). If a defendant clearly can establish that its negligence was not the proximate cause of plaintiff's injury, summary judgment is appropriate. *Southern Watch Supply v. Regal Chrysler-Plymouth*, 69 N.C. App. 164, 166, 316

**MURPHEY v. GEORGIA PACIFIC CORP.**

[98 N.C. App. 55 (1990)]

S.E.2d 318, 319, *disc. rev. denied*, 312 N.C. 496, 322 S.E.2d 560 (1984) (citation omitted).

Viewing the evidence in plaintiff's favor in the case before us, we find that there are genuine issues of material fact for summary judgment purposes regarding whether defendant owed plaintiff a duty of care and whether defendant breached that duty. However, we further find that there is no evidence at all that defendant's alleged negligence was the proximate cause of plaintiff's injuries.

To establish proximate cause in any negligence action, the plaintiff must produce evidence beyond mere speculation or conjecture that defendant's alleged negligence caused plaintiff's injuries. *Jackson v. Gin Co.*, 255 N.C. 194, 196, 120 S.E.2d 540, 542 (1961). We find that plaintiff's allegations and evidence of proximate cause in the case *sub judice* do not go beyond speculation or conjecture.

First, plaintiff acknowledged in his deposition that the disconnected GFI did not cause the arc and fire. Second, plaintiff's experts offering depositions and affidavits stated that the disconnected GFI was not the cause of the accident. Plaintiff's expert, James S. McKnight, Ph.D., further testified that there was no evidence that defendant "did or might have done [anything] which could have caused the arc or fault." Plaintiff's expert, Edward W. McNally, concurred.

Plaintiff contends that the absence of the GFI caused the *injuries* by allowing the fireball to grow and to spread. The witnesses and experts, however, testified that the fault and arc would have occurred even if the GFI had been connected on the day of the accident. Plaintiff's experts concede that the GFI is not considered a safety device and is meant to protect equipment from ground fault damage. Moreover, only expert McNally surmised that the fire definitely would have been reduced in size if the GFI had been connected but offered no conclusive evidence to support his statements. Moreover, McNally provided no evidence that even if the fire had been reduced in size, then plaintiff's injuries also would have been reduced. There is simply no connecting evidence in this case between the GFI, the size of the fire and plaintiff's injuries.

Conversely, expert Charles Browning, who inspected the accident scene, stated that "an operational GFI would not have reduced

the magnitude of the fault in the case . . . [because] the GFI was downstream, . . . , from the fault. It would be very much like having a smoke detector here and one in the next room. If you had a fire in the next room, this detector here wouldn't go off."

Plaintiff's reliance on *Adams v. Carolina Telephone*, 59 N.C. App. 687, 297 S.E.2d 785 (1982), and *Warren v. Colombo*, 93 N.C. App. 92, 377 S.E.2d 249 (1989) is misplaced. In *Adams*, the court held that plaintiff's evidence of proximate cause was sufficient to withstand a motion for directed verdict. 59 N.C. App. at 689, 297 S.E.2d at 787. Plaintiff's evidence in *Adams*, however, was substantially more than in the case *sub judice*. Here, plaintiff has produced only one witness alleging that the fire would have been reduced in size had the GFI been connected. This witness offered no basis for his assertions nor was there evidence relating to a reduced ball of fire to plaintiff's injuries. In view of the evidence defendant presented on this issue, we find plaintiff's evidence to be speculative, and therefore insufficient to raise a genuine issue of material fact.

In *Warren*, an enhanced injuries case, this Court held plaintiff's complaint sufficient to withstand dismissal under Rule 12(b)(6) of the N.C. Rules of Civil Procedure. 93 N.C. App. at 102, 377 S.E.2d at 254. There, plaintiff alleged that a defendant school bus manufacturer was negligent in its design of a school bus, thereby causing enhanced injuries to plaintiff (a passenger), when the bus was hit by a tractor-trailer truck. The initial impact was in no way caused by defendant bus manufacturer.

We find no relationship between *Warren* and the case at bar. Our case addresses sufficiency of the evidence to withstand a summary judgment motion. In *Warren*, we held only that plaintiff's complaint sufficiently alleged a cause of action for enhanced injuries in an automobile collision case. We noted in *Warren* that the sufficiency of plaintiff's evidence would "be tested upon motions for summary judgment and directed verdict . . . ." *Id.* at 101, 377 S.E.2d at 255. For the foregoing reasons, we find that defendant met its burden that its negligence, if any, was not the proximate cause of plaintiff's injuries. Therefore, we hold that the trial court did not err in granting summary judgment for defendant.

Because we find that defendant was not negligent, we decline to address the issues of plaintiff's contributory negligence, assumption of the risk or punitive damages.

DEPT. OF TRANSPORTATION v. FOX

[98 N.C. App. 61 (1990)]

Affirmed.

Judge JOHNSON concurs.

Judge WELLS dissents.

Judge WELLS dissenting.

The forecast of plaintiff's evidence was that the absence of the ground fault interruptor (hereinafter GFI) was the proximate cause of plaintiff's injuries. Plaintiff's evidence tended to show that had the GFI been connected, the electrical fault and resulting arc would have been of brief duration and limited to a small space; and conversely, that it was the absence of the GFI which allowed the fault or arc to explode into the large fireball which engulfed plaintiff's body. Defendant's forecast disputes this aspect of proximate cause. There is an issue of fact here to be properly resolved by the trier of fact, and I am therefore of the opinion that summary judgment for defendant was improvidently entered.