WASHINGTON HORSE EXCHANGE COMPANY v. G. I. BONNER.

(Filed 15 September, 1920.)

**Bills and Notes—Endorser—Admissions—Notice—Waiver—Burden of Proof—Instructions—Appeal and Error.**

The burden of proof is upon the plaintiff in his action against an endorser on a note to show both notice of dishonor or waiver thereof when this defense is relied upon, and an erroneous admission on the trial of the defendant's counsel, that the burden was on him to show want of notice, does not relieve the plaintiff of his burden of showing the defendant's waiver, and an instruction to the jury that placed the burden on defendant to show both the lack of notice and its waiver, is reversible error.

BROWN, J., did not sit.

APPEAL by defendant from *Cranmer, J.,* at the Spring Term, 1920, of BEAUFORT.

This is an action on a note against the defendant Bonner, an indorser.

The defendant admitted the execution of the note and the indorsement thereon, but denied that notice of dishonor of the note was given to him, and therefore insisted that he was released from liability.

The plaintiff contended that notice was given to the defendant, and, if not, that it has been waived.

The plaintiff also alleged that at the time of the indorsement of the note the defendant agreed to collect the same, which was denied by the defendant.

Both parties introduced evidence in support of their respective contentions.

Before evidence was introduced by either party, "counsel for defendant stated the making and the indorsement of the note was admitted, and the burden on the defendant to show want of notice, and he was entitled to open and conclude as a matter of law, and requested the court to so hold, and allow him to open and conclude."

His Honor so held, and in his charge told the jury: "The burden is upon the defendant to satisfy you by the evidence, and by its greater weight, that he did not receive notice, and did not waive notice. If he has so satisfied you, you will answer the issue in his favor, but if he has not so satisfied you, you will answer the issue in favor of the plaintiff."

The defendant excepted. There was a verdict and judgment in favor of the plaintiff, and the defendant appealed.

*Small, MacLean, Bragaw & Rodman* for plaintiff.
*Daniel & Carter* for defendant.

ALLEN, J.   It is conceded that the charge excepted to does not state the law correctly, and that the burden was on the plaintiff to prove notice of dishonor, or that the notice had been waived (*Perry v. Taylor,* 148 N. C., 362), but the plaintiff insists that the error was caused by the conduct of the defendant, in that he had substantially requested the court to so charge, and that, therefore, the defendant cannot take advantage of the error.

It is true that a party cannot except to an instruction given at his request (*Kelly v. Traction Co.,* 132 N. C., 374), but an examination of the instruction given shows that it goes beyond the position taken by the defendant.

The defendant assumed the burden of showing that he did not receive notice, but not that there was no waiver of notice, and the charge places on him the burden of showing both, and in this we are of opinion there is substantial error against the defendant.

The letter which was introduced in evidence by the plaintiff, and to which the defendant excepted, was, we think, competent as tending to corroborate the evidence of the plaintiff that the defendant agreed to collect the note, which would be material on the issue of waiver of notice, as the principle is well established that there may be a waiver of notice before or after maturity of the instrument.

For the error pointed out there must be a
New trial.

BROWN, J., not sitting.