GEORGE SUMNER v. MAGGIE SUMNER.

(Filed 17 September, 1947.)

**1. Divorce § 9a—**

Where, in the husband's action for divorce on the ground of two years separation, the wife files a cross action for divorce *a mensa,* an instruction which inadvertently places the burden of proof upon the plaintiff as to the issues submitted upon the defendant's cross action must be held for reversible error.

**2. Appeal and Error § 39h—**

An erroneous placing of the burden of proof must be held for reversible error notwithstanding that in other portions of the charge the court may

have given correct instructions in regard thereto, since it must be assumed that the jury was influenced by an erroneous instruction upon a material point, especially when the error is made in the closing admonition of the court.

### 3. Appeal and Error § 39f—

The fact that the court, in giving concluding instructions which contained an erroneous placing of the burden of proof upon certain of the issues, states that such instruction was given at the prompting of appellant, will not render the instruction harmless under the doctrine of invited error when the nature of the "prompting" by appellant's counsel is not disclosed and it is not made to appear that appellant at any time assumed the burden of proof upon the issues or requested the court to so charge.

APPEAL by plaintiff from *Frizzelle, J.,* at April Term, 1947, of NASH. New trial.

Civil action for divorce.

Plaintiff instituted this action for divorce on the grounds of two years' separation. The defendant filed answer in which she (1) pleads recrimination, (2) alleges a cross action for divorce *a mensa* under G. S. 50-7, subsections 3 and 4, and (3) prays alimony and attorneys' fees.

Issues were submitted to and answered by the jury as follows:

"1. Were the plaintiff and the defendant legally married, as alleged in the complaint?

"Answer: Yes.

"2. Have the plaintiff and the defendant lived separately and apart from each other for two years next preceding the institution of this action?

"Answer: Yes.

"3. Has the plaintiff been a resident of the State of North Carolina immediately preceding the institution of this action for six months?

"Answer: Yes.

"4. Was the separation between the plaintiff and the defendant caused by the unlawful and wrongful conduct and treatment by the plaintiff of the defendant?

"Answer: Yes.

"5. Did the plaintiff endanger the life of the defendant by his cruel and barbarous treatment of her, as alleged in the answer and cross-action?
· "Answer: Yes.

"6. Did the plaintiff offer such indignities to the person of the defendant as to render her condition intolerable and life burdensome?

"Answer: Yes.

"7. Did the plaintiff abandon the defendant, as alleged in the answer and cross-action?

"Answer: ............

"8. Has the defendant been a resident of the State of North Carolina more than six months prior to the beginning of this action?

"Answer: Yes."

Thereupon the court entered judgment (1) granting defendant a divorce *a mensa* and (2) requiring the plaintiff to make payments of alimony as therein set out. Plaintiff excepted and appealed.

*P. H. Bell for plaintiff appellant.*
*Fountain & Fountain for defendant appellee.*

BARNHILL, J. The record discloses the following as the concluding instruction of the court:

"Upon prompting by counsel for the plaintiff, I have this to say further: (I have already called your attention to the fact that this divorce sought by the plaintiff is upon the ground of two years' separation and not upon the ground of adultery. Now, with respect to the fourth issue and with respect to all of the issues submitted, the fourth, the fifth, and the sixth, if the plaintiff has satisfied you under his plea of being innocent of any wrongful or unlawful conduct toward the defendant, and if he has satisfied you that he is innocent of any indulging or perpetrating any cruel or barbarous treatment so as to endanger the life of the defendant, and if he has not offered any indignities to the person of the defendant as to render her condition intolerable and life burdensome, or if he has satisfied you upon the evidence and by its greater weight with respect to the fourth issue, that the defendant committed adultery, as he contends he has offered evidence tending to show, why of course that would defeat the action of the defendant for a divorce from bed and board.)

"Plaintiff excepts to foregoing portion of charge in parentheses.

"EXCEPTION No. 17.

"COURT: Is that what you asked for, Attorney Bell?

"ATTORNEY BELL: Yes, sir, and would entitle him to a divorce, your Honor.

"COURT: (No, you are not suing for a divorce on the ground of adultery. It would find him blameless, of course, and find that she has been guilty of wrongful conduct, if such was found by the jury, then they would in answering the fourth issue take those facts into consideration.)

"Plaintiff excepts to foregoing portion of charge in parentheses.

"EXCEPTION No. 18."

It is apparent the court below inadvertently, for a moment, got the relation of the parties to the action reversed and spoke under the impression the husband was the defendant. The burden of proof on the fourth, fifth, and sixth issues is on the defendant. The quoted charge places it upon the plaintiff. This must be held for error.

As the plaintiff does not bring forward any exception to the prior instruction of the court as to the burden of proof we may assume that it had correctly charged on this question. Even so this does not temper the prejudicial nature of the error. *S. v. Absher,* 226 N. C., 656.

As was said in *S. v. Overcash,* 226 N. C., 632: "When there are conflicting instructions to the jury upon a material point, the one correct and the other incorrect, a new trial must be granted. We may not assume that the jurors possess such discriminating knowledge of the law as would enable them to disregard the erroneous and to accept the correct statement of the law as their guide. We must assume instead that the jury in coming to a verdict, was influenced by that part of the charge that was incorrect. *S. v. Mosley,* 213 N. C., 304, 195 S. E., 830; *Templeton v. Kelley,* 217 N. C., 164, 7 S. E. (2d), 380; *S. v. Starnes,* 220 N. C., 384, 17 S. E. (2d), 346, and cited authorities. *S. v. Walsh,* 224 N. C., 218, 29 S. E. (2d), 743." See also *Dixon v. Brockwell, ante,* 567.

This is particularly true when the erroneous instruction is the closing admonition of the court—the last word before the jury retired to make up their verdict. *S. v. Benton,* 226 N. C., 745; *S. v. Rhinehart,* 209 N. C., 150, 183 S. E., 388.

While, under the doctrine of invited error, a party cannot complain of a charge given at his request, *Thompson v. Telegraph Co.,* 107 N. C., 449; *Bell v. Harrison,* 179 N. C., 190, 102 S. E., 200; *Exchange Co. v. Bonner,* 180 N. C., 20, 103 S. E., 907; *Blum v. R. R.,* 187 N. C., 640, 122 S. E., 562, or which is in substance the same as one asked by him, *Kelly v. Traction Co.,* 132 N. C., 369, rehearing denied, 133 N. C., 418; *Griffin v. R. R.,* 138 N. C., 55; *Smathers v. Hotel Co.,* 162 N. C., 346, 78 S. E., 224, we are of the opinion this doctrine has no application here. The nature of the "prompting" by plaintiff's counsel is not disclosed. Neither is it made to appear that plaintiff at any time assumed the burden on these issues or requested the court to so charge. *Exchange Co. v. Bonner, supra.* What was said thereafter could not have invited the error already committed. Indeed it discloses that the thoughts of the court and counsel were not even then in complete accord.

To avoid any possible prejudice to either party on a rehearing we have purposely refrained from discussing any of the evidence offered.

The error in the charge necessitates a new trial. It is so ordered.

The costs in this Court will be taxed against plaintiff.

New trial.