PEE DEE ELECTRIC MEMBERSHIP CORPORATION v. CAROLINA POWER & LIGHT COMPANY, ORIGINAL DEFENDANT; AND THE TOWN OF ROCKINGHAM, BELER DIXON AND RAYMOND TREECE, ADDITIONAL DEFENDANTS.

(Filed 13 December, 1961.)

**1. Injunctions § 2—**

Injunctive relief will be granted only when irreparable injury is both real and immediate.

**2. Electricity § 2;   Injunctions § 14—**

Where, in an action by an electric membership corporation against a power company, the respective parties pray for injunctive relief but seek primarily a determination of their respective legal rights in regard to service to customers in a specified area, and there is no threat by either to interfere with the rights of the other as adjudicated by the court, the judgment of the court should adjudicate the rights of each party, but the judgment should not contain sweeping injunctive provisions to protect rights which are not threatened, and on appeal from such judgment, the judgment must be vacated and the cause remanded.

**3. Costs § 3—**

Where judgment is rendered partly in favor of plaintiff and partly in favor of two defendants, taxation of the costs as between plaintiff and these defendants rests within the discretion of the court. G.S. 6-20.

APPEAL by plaintiff from *Preyer, J.,* February 13th Term, 1961, of RICHMOND.

Reference is made to our decision on former appeal, *Membership Corp. v. Light Co.,* 253 N.C. 610, 117 S.E. 2d 764, for a statement of the facts, the contentions of the parties and the judgment then under consideration. This Court held said judgment erroneous and remanded the cause.

Thereafter, in the superior court, there was a hearing on motions for judgment in accordance with this Court's opinion. The court entered judgment in which it was Ordered, Adjudged and Decreed:

"1. That the plaintiff is not entitled to the relief prayed for in the complaint, and the same is hereby denied.

"2. That by way of affirmative relief granted to the defendant Power Company;

"(a) The plaintiff be, and it is hereby, permanently enjoined and restrained from competing with the defendant Carolina Power & Light Company by supplying electric service to any person or concern at any place, or premises, or for any purpose, within the corporate limits of the Town of Rockingham, including the annexed Knob Hill area in controversy in this action, EXCEPT plaintiff may continue to serve from its distribution lines constructed by it in the said Knob Hill area prior to January 9, 1957, persons who were its members prior to that date on premises which were occupied on January 9, 1957 by such members so long as they desire to continue to be members of the plaintiff and desire a continuance of its service.

"(b) The plaintiff be, and it is hereby, enjoined and restrained from interfering in any manner with the defendant Carolina Power & Light Company in its business of supplying electricity to the

Town of Rockingham and to its inhabitants at any place within the Town of Rockingham, including the said annexed Knob Hill area.

"3. That, by way of affirmative relief granted to the Town of Rockingham;

"(a) The plaintiff is hereby enjoined and restrained from supplying electricity to any person, concern or premise, within the Town of Rockingham, EXCEPT plaintiff may continue to serve from distribution lines constructed by it in the said Knob Hill area prior to January 9, 1957, persons who were its members prior to that date on premises which were occupied on January 9, 1957 by such members so long as they desire to continue to be members of the plaintiff and desire a continuance of its service.

"(b) The plaintiff is hereby enjoined and restrained from maintaining its poles, lines and facilities upon, over or across any street or public way within the Town of Rockingham, EXCEPT such distribution facilities constructed by it prior to January 9, 1957, as are necessary to continue electric service to persons who were its members on that date who desire to continue their membership and to receive electric service from plaintiff; however, the lines used by plaintiff for this purpose shall be subject to the police power of the Town of Rockingham with respect to their location, condition, maintenance and operation.

"4. That, by way of affirmative relief granted to Beler Dixon and Raymond Treece, the Carolina Power & Light Company be and it is hereby ordered and directed to perform its franchise duty by specifically performing (a) its contract with Beler Dixon to supply him with electricity at his residence in the annexed Knob Hill area, and (b) to specifically perform its contract with Raymond Treece to supply him with electricity at his residence in the annexed Knob Hill area; that the plaintiff is hereby enjoined and restrained from in any manner interfering with the Carolina Power & Light Company in the performance of said contracts.

"5. That the costs of this action, to be assessed by the Clerk, be taxed against the plaintiff."

Plaintiff excepted (1) to the court's refusal to sign the judgment tendered by it, and (2) to each provision of the judgment signed, and appealed.

*Brock & McLendon, W. G. Pittman and Branch & Hux for plaintiff, appellant.*

*Bynum & Bynum, A. Y. Arledge and W. Reid Thompson for defendant Carolina Power & Light Company, appellee.*

*C. B. Deane and A. A. Webb for defendant Town of Rockingham, appellee.*

*Leath & Blount for defendants Dixon and Treece, appellees.*

*William T. Crisp for North Carolina Electric Membership Corporation, amicus curiae.*

BOBBITT, J.　When Knob Hill, by annexation on January 9, 1957, was included within the corporate limits of Rockingham, sixty-six residences in this area were being served by Pee Dee. Prior to said annexation, the Power Company did not supply electric service in Knob Hill and had no lines or facilities therein.

Pee Dee, based on Article 8 of its contract of January 5, 1956, with the Power Company, contended it had the exclusive right, notwithstanding said annexation, to serve *that part* of Knob Hill within three hundred feet of distribution lines constructed by Pee Dee prior to January 9, 1957.

The Power Company and Rockingham contended the Power Company, on and after January 9, 1957, had the exclusive right and the duty to supply electric service within the corporate limits of Rockingham, including *all* of Knob Hill; and that Pee Dee should be required to dispose of or dismantle the distribution lines constructed by it prior to January 9, 1957.

This Court reached these conclusions:

1. "Pee Dee may continue to serve from distribution lines constructed in Knob Hill prior to January 9, 1957, persons who were its members on that date and who desire to continue their membership and to receive service from Pee Dee."

2. ". . . the Town of Rockingham may not force Pee Dee to discontinue service from said lines to those persons who were members of Pee Dee prior to January 9, 1957, so long as they continue members of Pee Dee and desire continuance of its service. However, Pee Dee, on and after January 9, 1957, had no right to extend its then existing facilities or to serve persons other than members whom it was serving when Knob Hill became a part of Rockingham."

While the respective parties prayed for injunctive relief, they sought primarily a determination of their legal rights in respect of service in that part of Knob Hill within three hundred feet of distribution lines constructed by Pee Dee prior to January 9, 1957. Their respective basic rights were determined and declared on former appeal.

Nothing in the record indicates Pee Dee has provided service in Knob Hill except that which it is permitted to provide under our decision. Nor does it appear that Pee Dee will attempt to do so. Too, it does not appear that the Power Company or Rockingham will at-

tempt to interfere with the exercise by Pee Dee of its legal rights under our decision. A well established rule of this Court is that injunctive relief will be granted only when irreparable injury is both *real* and *immediate. Wilcher v. Sharpe,* 236 N.C. 308, 72 S.E. 2d 662, and cases cited; *Hudson v. R. R.,* 242 N.C. 650, 668, 89 S.E. 2d 441.

In the first paragraph of the present judgment, there is a positive and complete denial of all relief sought by Pee Dee. Since our decision was that Pee Dee had certain definite and positive rights, albeit less than those for which it contended, which rights were denied and challenged by defendants, such positive and complete denial of relief to Pee Dee is not in accordance with our decision. There is no affirmative adjudication of Pee Dee's legal rights.

In the second paragraph of the present judgment, the Power Company, but not Pee Dee, is granted affirmative relief. In 2(a), Pee Dee is enjoined from supplying service to any person or premises within the corporate limits of Rockingham, including Knob Hill, and in 2(b) from interfering with the Power Company "in its business of supplying electricity to the Town of Rockingham and to its inhabitants at any place within the Town of Rockingham, including the said annexed Knob Hill area." True, in 2(a), but not in 2(b), as an exception to said injunction, it is provided that Pee Dee "may continue to serve from its distribution lines constructed by it in the said Knob Hill area prior to January 9, 1957, persons who were its members prior to that date on premises which were occupied on Januay 9, 1957 by such members so long as they desire to continue to be members of the plaintiff and desire a continuance of its service." If injunctive relief were appropriate, we perceive no reason for such a sweeping injunction. Pee Dee has never asserted any right to provide service within the corporate limits of Rockingham except *that part* of Knob Hill within three hundred feet of distribution lines constructed by it prior to January 9, 1957. Moreover, our decision did not limit Pee Dee's right to provide service to those of its members who, prior to January 9, 1957, were *occupants* of premises then served by Pee Dee.

In the third paragraph of the present judgment, Rockingham but not Pee Dee, is granted affirmative relief. Pee Dee has never asserted any right to maintain "its poles, lines and facilities upon, over or across any street or public way within the Town of Rockingham" except to the extent necessary to provide service for *that part* of Knob Hill within three hundred feet of the distribution lines constructed by Pee Dee prior to January 9, 1957. Hence, as stated with reference to 2(a) and 2(b), if injunctive relief were appropriate, we perceive no reason for such a sweeping injunction.

In paragraph 3(b) it was adjudged that Pee Dee's lines "shall be

subject to the police power of the Town of Rockingham with respect to their location, condition, maintenance and operation." We perceive no reason to incorporate this correct general statement, equally applicable to the lines of Pee Dee and to the lines of the Power Company, in the judgment. If and when Rockingham, *in the exercise of its police power*, should challenge the "location, condition, maintenance and operation" of Pee Dee's present lines, the respective rights of Pee Dee and Rockingham will be for adjudication in the factual situation then presented.

In the fourth paragraph of the present judgment, Dixon and Treece are granted affirmative relief. The Power Company is ordered and directed to perform its contracts with them and Pee Dee is enjoined from interfering with such performance. Our decision fully recognizes the right of Dixon and of Treece to obtain service from the Power Company. Nothing suggests Pee Dee will attempt to interfere with the Power Company's performance of such service. Since the Power Company asserts vigorously its exclusive right to provide service to Dixon and Treece, the order requiring it to do so would seem superfluous. Indeed, the Power Company, *pendente lite,* is providing such service.

In the fifth paragraph of the present judgment, *all* costs are taxed against the plaintiff. Since our decision was partly in favor of Pee Dee, partly in favor of the Power Company and of Rockingham, and wholly in favor of Dixon and Treece, it would seem, as between Pee Dee, the Power Company and Rockingham, that the taxation of costs is within the discretion of the court. G.S. 6-20.

The present judgment fails to adjudicate positively the legal rights of Pee Dee under our decision. Injunctive provisions, if otherwise applicable, should relate solely to *that part* of Knob Hill within three hundred feet of distribution lines constructed by Pee Dee prior to January 9, 1957, the only area involved in the controversy; and, if injunctive provisions were deemed appropriate, such provisions should not relate solely to Pee Dee. However, in our view, injunctive provisions, under the present factual situation, are unnecessary to protect either plaintiff or defendants from irreparable injury; and the judgment should be limited to an adjudication of the respective basic legal rights of the parties in the light of the present factual situation. Hence, the present judgment is vacated.

The cause is remanded with instructions that judgment be entered substantially as follows:

1. That Pee Dee be and is authorized, and has the exclusive right, to serve from distribution lines constructed by it in Knob Hill prior to January 9, 1957, persons who were members of Pee Dee on that date

so long as they continue their membership in Pee Dee and desire continuance of its service.

2. That Pee Dee has no right to extend the facilities constructed by it in Knob Hill prior to January 9, 1957, or to provide service from its then existing facilities except as expressly authorized in paragraph 1 hereof.

3. That the Power Company be and is authorized, and has the exclusive right, to supply electricity within the corporate limits of Rockingham, including that part of Knob Hill within three hundred feet of distribution lines constructed by Pee Dee prior to January 9, 1957, except to those persons Pee Dee is expressly authorized to serve in paragraph 1 hereof.

4. That the Power Company be and is authorized and directed to supply electric service to Dixon and Treece in accordance with their contracts therefor.

Costs will be taxed in accordance with the court's discretion.

Judgment vacated and cause remanded.