SOUTHERN RAILWAY CO. v. BISCOE SUPPLY CO.

[114 N.C. App. 474 (1994)]

---

SOUTHERN RAILWAY COMPANY, Plaintiff v. BISCOE SUPPLY COMPANY, INC., Defendant v. NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, Third-Party Defendant

No. 9326SC376

(Filed 19 April 1994)

1. **Railroads § 43 (NCI4th); Negligence § 93 (NCI4th) — railroad crossing accident — proximate cause — view of tracks — conflicting testimony — directed verdict**

   The trial court did not err in a negligence action by a railroad against the owner of a truck involved in a crossing accident by directing a verdict that the accident was proximately caused by the negligence of defendant's employee, the truck driver, where defendant's evidence included the testimony of the driver and defendant's president that there was no place prior to the crossing from which to see down the track, so that the driver's failure to slow down could not have been the cause of the accident, but plaintiff's evidence included the testimony of a state trooper that there was a

point prior to the crossing where the driver could have seen a sufficient distance down the track and several photographs which showed such a point. The photographic evidence, supported by the testimony of the trooper, clearly showed that defendant's negligence proximately caused the collision, and, as a matter of law, the evidence could support no other conclusion.

**Am Jur 2d, Railroads §§ 480-493, 632, 633.**

2. **Railroads § 32 (NCI4th) — railroad crossing accident — contributory negligence — speed of train — refusal to instruct**

The trial court did not err in a negligence action by a railroad arising from a crossing accident by failing to submit to the jury as grounds for plaintiff-railroad's contributory negligence the failure of the engineer to abide by plaintiff's operating rule regarding track speed limits. A violation of a company safety rule is only some evidence of negligence; thus, defendant's contention that the engineer's failure to follow plaintiff's operating rule constituted negligence is an incorrect statement of law.

**Am Jur 2d, Railroads §§ 499, 500.**

3. **Evidence and Witnesses § 890 (NCI4th) — railroad crossing accident — bill for damages — illustrative — not hearsay**

The trial court did not err in a negligence action by a railroad arising from a crossing accident by admitting into evidence the bill for damages which plaintiff-railroad sent to defendant. The document was admitted only for illustrative purposes, not to prove the truth of the matter asserted, and was not hearsay.

**Am Jur 2d, Evidence § 498.**

4. **Damages § 178 (NCI4th) — railroad crossing accident — action by railroad — damages — not excessive**

There was no error in the award of damages in a negligence action brought by a railroad arising from a crossing accident where defendant did not argue that the award was excessive under Rule 59 as being the result of passion or prejudice and did not argue that the court's instructions on damages were improper. Both plaintiff and defendant had the opportuni-

ty to present evidence and argue to the jury and the jury chose to believe plaintiff.

**Am Jur 2d, Damages §§ 1017, 1018.**

Appeal by defendant from judgment filed 2 September 1992 and order filed 21 September 1992 by Judge Judson D. DeRamus, Jr. in Mecklenburg County Superior Court. Heard in the Court of Appeals 1 February 1994.

*Jones, Hewson & Woolard, by Harry C. Hewson and Kenneth H. Boyer, for plaintiff-appellee.*

*Glover & Petersen, P.A., by James R. Glover, for defendant-appellant.*

LEWIS, Judge.

Plaintiff commenced this action to recover damages arising out of a railroad crossing accident between its train and defendant Biscoe Supply Company, Inc.'s (hereinafter "defendant") cement truck. The trial court directed a verdict for plaintiff on the issues of whether defendant was negligent and whether that negligence proximately caused the accident. The jury found that plaintiff was not contributorily negligent and awarded damages of $260,819.26 to plaintiff. Defendant's claims against the Department of Transportation were dismissed by the trial court, from which there was no appeal.

The evidence tended to show that on 15 December 1988, defendant's employee, Early Valley, was driving defendant's cement truck on Prison Camp Road in Montgomery County. Valley was traveling at the speed limit of fifty-five m.p.h. As he entered a curve in the road about 700 feet before the railroad crossing, Valley applied the brakes, and he continued to apply the brakes until he reached the crossing at a speed of approximately forty to forty-five m.p.h. The crossing had no gates or lights and was obscured by the topography of the area. However, between the curve and the crossing, there were several markings that gave notice of the crossing. The first was a warning sign painted on the pavement 471 feet before the crossing. The second was a warning sign on the side of the road eighty-nine feet before the crossing. Finally, there was a white cross-buck sign at the crossing about fifteen feet from the first rail, and a white line was painted across the

SOUTHERN RAILWAY CO. v. BISCOE SUPPLY CO.

[114 N.C. App. 474 (1994)]

pavement at the cross-buck sign. Further, Valley testified that he was very familiar with the crossing. When he reached the warning sign eighty-nine feet before the crossing, he looked to the right, the direction from which the train was coming, and saw no train. He then looked left. The next time he looked right was when he was partially over the track. At that point he saw the train for the first time, and the train was approximately ten feet from him. The train struck the last set of tandem wheels on the truck, about three feet from the rear of the truck. The impact caused the train to derail, resulting in damage to the engines, cars and track. At no time prior to the collision did Valley reduce his speed to a speed that would have enabled him to stop before reaching the track.

Plaintiff's employees testified that the engineer sounded the train's horn from the time the train was about 1,500 feet from the crossing until it reached the crossing. Valley testified that he did not hear the horn. However, Valley further testified that the windows in his truck were rolled up, the heater was on, the mixer was turning, the truck's engine was backing down, and the two-way radio was on. In fact, Valley admitted that it was possible that the horn sounded and he did not hear it.

[1] Defendant's first argument on appeal is that the trial court erred in directing a verdict finding that the accident was proximately caused by the negligence of Valley. Defendant contends that when viewed in the light most favorable to it, the evidence showed that because the track was obscured by the topography, there was no point prior to the crossing where Valley could have seen a train approaching even if he had slowed down or stopped. Accordingly, his failure to slow down could not have been a proximate cause of the accident. Therefore, defendant argues, the jury should have been allowed to decide whether Valley's failure to slow down or stop proximately caused the accident.

The trial court's granting of a directed verdict for plaintiff on the issue of proximate cause will be upheld where the evidence, taken in the light most favorable to defendant, so clearly shows that defendant's negligence proximately caused the collision that it will support no other conclusion as a matter of law. *Neal v. Booth*, 287 N.C. 237, 241, 214 S.E.2d 36, 39 (1975). Defendant's evidence included the testimony of Valley and Ernest Foushee, defendant's president, both of whom testified that there was no

place prior to the crossing, from which to see down the track. Plaintiff's evidence included the testimony of a state trooper, who testified that there was a point on the road prior to the crossing where Valley could have seen a sufficient distance down the track. Plaintiff also introduced several photographs which showed such a point prior to the crossing.

In *Helvy v. Sweat*, 58 N.C. App. 197, 200, 292 S.E.2d 733, 735, *disc. review denied*, 306 N.C. 741, 295 S.E.2d 477 (1982), this Court, in reviewing the trial court's granting of a directed verdict, held that the physical facts of the case, supported by the testimony of disinterested witnesses, spoke louder than the conflicting testimony of the nonmovant, and that the conflicting testimony was not sufficient to take the case to the jury. In the present case, the photographic evidence, supported by the testimony of the trooper, clearly showed that defendant's negligence proximately caused the collision, and, as a matter of law, the evidence could support no other conclusion. Accordingly, the trial court properly granted plaintiff's motion for a directed verdict.

**[2]** Defendant next assigns error to the trial court's failure to submit to the jury as grounds for plaintiff's contributory negligence the failure of the engineer to abide by plaintiff's operating rule requiring compliance with track speed limits.

A trial court may properly refuse to give an instruction which is not a correct statement of the law applicable to the evidence. *Pasour v. Pierce*, 76 N.C. App. 364, 370, 333 S.E.2d 314, 319 (1985), *disc. review denied*, 315 N.C. 589, 341 S.E.2d 28 (1986). This Court has held that a violation of a company safety rule is only *some* evidence of negligence. *Robinson v. Seaboard System R.R., Inc.*, 87 N.C. App. 512, 526, 361 S.E.2d 909, 918 (1987), *disc. review denied*, 321 N.C. 474, 364 S.E.2d 924 (1988). Thus, defendant's contention that the engineer's failure to follow plaintiff's operating rule constituted negligence is an incorrect statement of the law, and the trial court properly declined to submit the issue to the jury.

**[3]** Defendant's last two assignments of error relate to plaintiff's damages. First, defendant argues that the trial court erred in admitting into evidence Plaintiff's Exhibit Number 2, the bill for damages that plaintiff sent to defendant. Defendant contends that the document was hearsay and that its admission did not comport with the requirements of the business records exception to the hearsay rule. " 'Hearsay' is a statement, other than one made by

the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." N.C.G.S. § 8C-1, Rule 801(c) (1992). In the instant case, the document was admitted into evidence only for illustrative purposes, not to prove the truth of the matter asserted. Thus, the document was not hearsay, and its admission was proper.

[4] By its final assignment of error, defendant argues that the damages awarded were in excess of plaintiff's actual loss. We note that defendant does not argue that the award of damages was excessive under Rule 59 as being the result of passion or prejudice. Nor does it argue that the trial court's instructions on damages were improper.

The issues of a defendant's negligence and the amount of damages to award for such negligence are within the province of the jury to decide. *Adams v. Carolina Tel. & Tel. Co.*, 59 N.C. App. 687, 691, 297 S.E.2d 785, 788 (1982). After hearing the evidence and the arguments of counsel, the jury determined that plaintiff was damaged in the amount of $260,819.26. Both plaintiff and defendant had the opportunity to present evidence of plaintiff's actual damages and to argue that issue to the jury. The jury chose to believe plaintiff and awarded damages accordingly. This was within the jury's province. Therefore, this assignment of error is overruled.

For the reasons stated, we find no error.

No error.

Judges JOHNSON and EAGLES concur.