TINA JONES SITTON, Plaintiff v. RHONDA GENEANE COLE, Defendant

No. COA98-1453

(Filed 16 November 1999)

**1. Evidence— medical record—probative value outweighed by prejudice**

The trial court properly exercised its discretion in an automobile accident case where plaintiff testified that she had never experienced any problems with her thoracic spine, defendant sought to introduce a prior medical record which referred to thoracic pain, and the court excluded the record under Rule 403. The record was remote in time, plaintiff's physician at that time could not specify who had made the vague notation, and the physician did not have personal knowledge of the statement.

**2. Evidence— impeachment—vehicle to introduce inadmissible record**

The trial court did not err in an automobile accident case by excluding a physician's testimony relating to an excluded medical record. The doctor testified that he had no personal knowledge and was relying solely on the record; impeachment by prior inconsistent statement may not be permitted where employed as a mere subterfuge to get before the jury evidence not otherwise admissible.

Appeal by defendant from judgment entered 11 March 1998 by Judge James L. Baker, Jr. in Swain County Superior Court. Heard in the Court of Appeals 14 September 1999.

*Melrose, Seago & Lay, P.A., by Mark R. Melrose, for plaintiff-appellee.*

*Frank J. Contrivo, P.A., by Frank J. Contrivo, for defendant-appellant.*

LEWIS, Judge.

This case arises from an automobile accident that occurred between plaintiff and defendant on 13 June 1995 in Swain County, North Carolina. On 16 January 1997 plaintiff filed this action alleging defendant operated her vehicle negligently and asking to recover compensatory damages, attorney's fees and costs. Defendant

answered denying liability and damages. The jury awarded plaintiff damages in the amount of $8,000.

At trial plaintiff testified she suffered injury to her neck, shoulder and thoracic spine as a result of the accident on 13 June 1995, and that prior to the accident she had never experienced any problems with her neck, shoulder or thoracic spine. Defendant sought to introduce a 1988 medical record of plaintiff from Swain Medical Center, where plaintiff received prior routine medical treatment. The trial court excluded the medical record and any testimony relating to the excluded medical record.

[1] Defendant first argues the trial court's determination that the probative value of plaintiff's medical record was outweighed by its danger of prejudice under Rule 403 was error. We note that defendant does not address Rule 403 on appeal, but instead asserts that the medical record is admissible as a properly authenticated business record under Rule 803(6). Qualification of the medical record under a hearsay exception does not itself justify admitting it into evidence, as the evidence must also be found to be more probative than prejudicial. N.C.R. Evid. 403; *State v. Hayes*, 130 N.C. App. 154, 175, 502 S.E.2d 853, 868 (1998). Whether or not evidence should be excluded pursuant to Rule 403 is a matter within the discretion of the trial court. *Reis v. Hoots*, 131 N.C. App. 721, 727, 509 S.E.2d 198, 203 (1998). The trial court's ruling will be reversed only upon a showing that it was arbitrary to the extent it could not be the result of a reasoned decision, and therefore, an abuse of discretion. *Id.* at 727, 509 S.E.2d at 203.

The plaintiff's medical record in this case is dated 27 June 1988, ten years before the trial. A note in the record states plaintiff complained of "longstanding mid-thoracic pain" and "paraspinal muscle pain." Dr. Paul Sale, plaintiff's treating physician on 27 June 1988, testified he could not identify the signature on plaintiff's medical record, did not know whether the signature belonged to a physician, and did not know who wrote the note. Dr. Sale could not determine if the note referred to an injury, medical illness or a symptom. Furthermore, Dr. Sale had no personal knowledge of the statement in the medical record. Because the medical record was remote in time and Dr. Sale could not specify who made this vague notation regarding plaintiff's condition, its probative value was substantially outweighed by its danger of prejudice and the trial court properly exercised its discretion in excluding the evidence under Rule 403.

**[2]** Defendant next argues the trial court erred in excluding the oral testimony of Dr. Sale relating to the excluded medical record. Defendant attempted to admit Dr. Sale's oral testimony to impeach plaintiff's testimony that she had never had any prior pain or problems with her neck, back or shoulder. It is clear, however, that " 'impeachment by prior inconsistent statement may not be permitted where employed as a *mere subterfuge* to get before the jury evidence not otherwise admissible.' " *State v. Hunt* 324 N.C. 343, 349, 378 S.E.2d 754, 757 (1989) (quoting *United States v. Morlang*, 531 F. 2d 183, 190 (4th Cir. 1975)). Dr. Sale testified he had no personal knowledge of plaintiff's back or muscular problems. He was relying solely on the medical record. Since plaintiff's medical record itself was properly excluded, admission of such oral testimony from Dr. Sale would have served as a mere vehicle to get before the jury evidence not otherwise admissible. Thus, the trial court properly excluded Dr. Sale's oral testimony regarding the medical record.

Appellant fails to offer argument in her brief supporting the remaining assignments of error. They are deemed abandoned under Appellate Rule 28(b)(5).

Affirmed.

Judges MARTIN and HUNTER concur.